[No. 1,690.]

PHILIP L. WEAVER ET AL. *v.* LUTHER HAYWARD.

AFFIDAVIT FOR ATTACHMENT.—The affidavit for an attachment need not state the facts out of which the indebtedness of the defendant to the plaintiff arose.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Crockett, Whiting & Naphtaly,* for Appellant.

An attachment is the creature of the statute, and the statute must be construed as being in derogation of the defendant's common law right to the enjoyment of his property until the termination of the litigation. (*Roberts* v. *Landecker,* 9 Cal. 265.) An insufficient affidavit confers no jurisdiction to issue the writ. (1 Selden, 164.) The statute requires that the affidavit should show:

First—That the defendant is indebted to the plaintiff upon a contract expressed or implied, etc.

Second—That the indebtedness over all legal set-offs and counter claims should be specified.

Third—That the sum for which the attachment is asked is an actual and bona fide existing debt, etc.

The affidavit in this case simply sets forth the requirements of the statute *in haec verba,* without detailing a single fact upon which the mind of the Clerk could act. (In the Matter of Falkner, 4 Hill, 601; 5 How. Pr. 387; 6 Hill, 288; 1 Barb. 247; 7 Hill. 153.)

*Hambleton & Gordon,* for Respondents.

Although the creditor is required to set forth the statutory grounds in an affidavit, and file the same with the Clerk, yet it cannot be for the purpose of having them

adjudicated upon by him; for who has or can constitute a Clerk of the county a Judge, in the legal acceptation of the term? (6 Dana, 324.) We say the right of the Clerk to refuse the writ exists only when the creditor will not swear to the existence of all the causes enumerated in section one hundred and twenty-one of the Practice Act, why the debtor's property should be seized before he has a hearing in Court. If he does so swear, the Clerk shall issue it. (7 Barb. 661; 3 Jones, 295; 16 Ohio, Griswold, 304.)

By the Court, Rhodes, C. J.:

Appeal from an order refusing to dissolve an attachment. The ground of the motion is, that the affidavit does not state the facts showing that the defendant is indebted to the plaintiff, but merely states the conclusion that the defendant is indebted to the plaintiff. In other words, the objection is that the plaintiff did not restate his complaint in the affidavit, but only stated that the express contract upon which the defendant was indebted to him was a promissory note. The practice, since the adoption of the statute, has generally been in accordance with the form employed in this case; and we can conceive of no useful purpose that would be subserved, by setting out in the affidavit all the facts in respect to the contract, which are necessary to be stated in the complaint.

Order affirmed.

Mr. Justice Sprague did not express an opinion.

Mr. Justice Crockett, being disqualified, did not sit in the case.