[No. 4664.]

THE CITY AND COUNTY OF SAN FRANCISCO *v.* HENRY BRADER and J. W. OWEN.

Attachment on Bail Bond.—A bail bond in a criminal case is an undertaking for the direct payment of money upon which an attachment may issue.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Daniel Smith was arrested for grand larceny, and was, by the Police Court, held to bail to appear in the Municipal Criminal Court in the sum of one thousand dollars. The defendants signed the bail bond. The latter court de-

clared the bond forfeited, and an action was commenced on the bond, and an attachment issued, which was levied on the property of defendant Brader. The defendants moved to dissolve the attachment on the ground that the bond was not a contract for the direct payment of money.

The following is the bond:

STATE OF CALIFORNIA, } ss.
City and County of San Francisco. }

An order having been made on the 4th day of    1871, by W. D. Sawyer, police judge of the city and county of San Francisco, that Daniel Smith be held to answer upon the charge of grand larceny, upon which he has been duly admitted to bail in the sum of one thousand dollars—

We, Henry Brader and J. W. Owen, both of the city and county of San Francisco aforesaid, hereby undertake that the above-named Daniel Smith shall appear and answer the charge above mentioned, in whatever court it may be prosecuted, and shall at all times hold himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment, and render himself in execution thereof; or, if he fail to perform either of these conditions, that we will pay to the people of the State of California the sum of one thousand dollars.

HENRY BRADER. [L. S.]
J. W. OWEN.    [L. S.]

The court denied the motion and the defendant appealed.

*George W. Tyler,* for the Appellant.

*Thomas P. Ryan and James F. Day,* for the Respondent.

By the COURT:

The court below properly refused to dissolve the attachment. The bail bond sued upon was an obligation for the direct payment of money, within the meaning of that term as defined in *Hathaway* v. *Davis,* 33 Cal. 161.

Order affirmed.