[No. 12998.    Department Two. — November 15, 1890.]

BANK OF CALIFORNIA, RESPONDENT, v. JAMES T. BOYD, APPELLANT.

ATTACHMENT — SUFFICIENCY OF AFFIDAVIT — OWNERSHIP OF NOTE — INDORSEMENT. — An affidavit for attachment which alleges that the defendants are indebted to the plaintiff on a promissory note executed in favor of a third party, sufficiently shows that the note is owned by the plaintiff, though the affidavit does not state, in terms, that the note was indorsed to the plaintiff. The same particularity of statement is not required in an affidavit for attachment that is required in a pleading.

ID. — INDEBTEDNESS TO PLAINTIFF. — An indebtedness to the plaintiff is the principal element required in an affidavit for attachment in a suit on a promissory note, and when such indebtedness appears by direct statement, and there is nothing in the affidavit inconsistent with the statement, the affidavit is sufficient.

Id. — Lien upon Property of Deceased Indorser—Presumption upon Appeal — Indorsement without Recourse.—Upon the death of the first indorser of a promissory note, who was the original payee thereof, and who left a will bequeathing a large estate to his wife, appointing her executrix, and giving her authority, without an order of court, to settle and pay his just debts, no such lien on his real or personal property securing the payment of the note results, within the meaning of the attachment law, as to bar the owner of the note of his right to an attachment against subsequent indorsers; and in the absence of proof that the first indorser was the debtor of the plaintiff when he died, it cannot be presumed on appeal from an order refusing to dissolve the attachment that he was such debtor, but it must be presumed in favor of the ruling that he indorsed the note without recourse.

Appeal from an order of the Superior Court of the city and county of San Francisco refusing to dissolve an attachment.

The facts are stated in the opinion of the court.

*Oliver P. Evans*, and *James T. Boyd*, for Appellant.

*P. L. Benjamin*, and *Pillsbury & Blanding*, for Respondent.

Thornton, J. — This appeal is prosecuted by defendant from an order refusing to dissolve a writ of attachment. It is urged that the affidavit on which the writ of attachment was issued was insufficient, and therefore the court below erred in its ruling. The insufficiency claimed is, that the affidavit does not show that the promissory note on which the indebtedness set forth has accrued, and which furnished the subject-matter for the issuance of the writ, was owned by the plaintiff.

We cannot concur in this contention. It does appear, with sufficient certainty, in our judgment, by the statements of the affidavit, that the plaintiff owned the note. It is stated, in the first portion of the affidavit, that the defendants (naming them) are indebted to the plaintiff in a sum indicated, over and above all legal set-offs and counterclaims, upon an express contract, for the direct payment of money, viz., on a certain promissory note,

which is described as being for twenty thousand dollars, dated March 14, 1887, payable May 13, 1887, made by the California Land and Timber Company to the order of Charles Kohler, and indorsed by defendants. Though, as argued on behalf of defendants, it is not stated that the note was indorsed by Charles Kohler to the defendants, or any one else, still, in our judgment, the manifest intendment of the language employed in the affidavit is, that the plaintiff was the owner of the note. It is distinctly stated, as mentioned above, in the initial portion of the paper, that the defendants are indebted to plaintiff on a promissory note. This could not be the case if it did not own the note. Nothing in the affidavit is inconsistent with the ownership of the note by the plaintiff, and all its statements are consistent with and tend to show such ownership.

In our opinion, the same particularity of statement showing title to the note in the plaintiff is not required in the affidavit for the issuance of the writ of attachment as in the complaint. It is sufficient if, by manifest intendment, the affidavit shows that the note is the property of the plaintiff. It is not necessary that it should be shown by direct averment. The indebtedness to plaintiff is the principal element required in the affidavit, and when that appears by direct statement, and there is nothing in the affidavit inconsistent with such direct statement of indebtedness, the affidavit as to such indebtedness should, in our judgment, be held sufficient. Consistent with the views above expressed are *Wheeler* v. *Farmer*, 38 Cal. 215; *Weaver* v. *Hayward*, 41 Cal. 117; and *Dunn* v. *Mackey*, 80 Cal. 104, 107.

It is further urged that Charles Kohler was the payee of the note; that it was his debt; that Kohler died in April, 1887, nearly a year before this suit was brought, leaving a will, which was admitted to probate on the sixth day of May, 1887; that by this will he bequeathed a large estate to his wife, who was named executrix

thereof, and conferring upon her authority, without any order of court, to settle and pay his just debts; that by the above provisions of his will Kohler created a trust for the payment of his debts, devoting his entire estate to that purpose, and constituting his widow and executrix trustee of this trust; that thus the payment of the note was secured, within the meaning of the attachment law, and therefore the writ of attachment was improperly issued, and the court erred in refusing to dissolve it.

It is assumed by defendant in this contention that Kohler was the debtor of the plaintiff when he died; but this does not so clearly appear as to authorize this court in so holding. *Non constat* but that Kohler indorsed the note to the defendants without recourse, and thus that he never became responsible to the plaintiff. We would not be justified in reversing the ruling of the court below, by holding, on the evidence before us, that Kohler, when he died, was bound on this note to the plaintiff.

To authorize such a conclusion, as this case is here presented, the evidence of the indebtedness of Kohler to the plaintiff must be of a character more distinct and clear than any that appears in the record. But conceding that Kohler was the debtor to plaintiff on the note, when he died, we are of opinion that no such lien securing the debt resulted on his death, upon the facts above stated, as to bar plaintiff of its right to an attachment. The lien, if there was any, was not one under the control of plaintiff. The debt had to be presented, under the statute, to the executrix and the proper superior judge for allowance, and when allowed, filed in court, and paid in due course of administration as other debts of the estate. The plaintiff would have been thus compelled to await the course of administration, whether he desired to do so or not. In fine, though it may be conceded that if Kohler had died indebted on the note mentioned to the plaintiff, the plaintiff would have had the security of a trust fund devoted to the payment of its debt, still, in

our judgment, it had no lien on any real or personal property securing its debt, within the meaning of the attachment law.

We find no error in the record, and as the order must therefore be affirmed, the motion to dismiss the appeal is denied.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.