|108  173|<br>|112   41|

[No. 19556.   Department One.—July 18, 1895.]

ANDREW J. O'CONOR, RECEIVER, RESPONDENT, *v.*
ELLEN ROARK, APPELLANT.

ATTACHMENT—AFFIDAVIT—REFERENCE TO TITLE OF ACTION—INDEBTED-
NESS TO PLAINTIFF AS RECEIVER.—An affidavit for attachment in a
suit by a receiver of a national bank, in the heading of which the title
of the action showing the representative character of the plaintiff as
receiver is prefixed, but the body of which gives his name without his
representative title and states "that he is the plaintiff in the above-
entitled action," and that the defendant "is indebted to him" in a spec-
ified sum, must be construed to mean that the affiant is the plaintiff
named as receiver in the title of the action, and that the defendant is
indebted to him as characterized in the title of the action; and the affi-
davit sufficiently complies with the requirement of section 538 of the
Code of Civil Procedure that it shall show that the defendant is indebted
to the plaintiff.

ID.—PARTICULARITY OF STATEMENT IN AFFIDAVIT.—The same particular-
ity of statement is not required in an affidavit for the issuance of a writ
of attachment as in a complaint.

ID.—STATEMENT OF AMOUNT OF INDEBTEDNESS—VARIANCE.—The fact that
the statement of the amount of indebtedness in an affidavit for attach-
ment expresses only the principal sum, whereas the demand, as stated
in the complaint and in the writ of attachment, is of the same principal
sum with interest thereon from a specified date at the rate of seven per
cent per annum, does not disclose a substantial variance between the
affidavit, complaint, and writ in respect of the interest, where the na-
ture of the indebtedness is sufficiently stated in the affidavit to show
in legal effect that it draws legal interest from the date of its maturity.

ID.—CONSTRUCTION OF STATUTE—STATEMENT OF AMOUNT IN AFFIDAVIT.—
The statute requires the affidavit for attachment to specify only the
amount of indebtedness, and not the amount of plaintiff's demand in
the complaint.

ID.—EXCLUSION OF SETOFFS OR COUNTERCLAIMS—CONJUNCTIVE STATEMENT. An affidavit stating conjunctively that the amount of indebtedness is "over and above all legal setoffs *and* counterclaims," is a sufficient compliance with the requirement of the statute that the indebtedness must be shown to be "over and above all legal setoffs *or* counterclaims."

APPEAL from an order of the Superior Court of San Diego County denying a motion to discharge and quash a writ of attachment. E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Trippet & Neale,* for Appellant.

The affidavit for attachment does not show that the defendant was indebted to plaintiff, but shows indebtedness to Andrew J. O'Conor, individually, and not in his representative capacity. (17 Am. & Eng. Ency. of Law, 495; *Stilwell* v. *Carpenter,* 2 Abb. N. Cas. 238; 1 Am. & Eng. Ency. of Law, 388; *Stockton etc. Assn.* v. *Chalmers,* 75 Cal. 332; 7 Am. St. Rep. 173; Code Civ. Proc., sec. 538; Drake on Attachment, 107 a.) A defective affidavit cannot be aided by the complaint. (*Kohler* v. *Agassiz,* 99 Cal. 16.) The affidavit does not specify the amount of indebtedness, no interest being mentioned. (*Bowers* v. *London Bank,* 3 Utah, 417; *Kennedy* v. *California Sav. Bank,* 97 Cal. 93, 99; 33 Am. St. Rep. 163; *Kohler* v. *Agassiz, supra; Dunn* v. *Mackey,* 80 Cal. 107; *Espey* v. *Heidenheimer,* 58 Tex. 662; *Joiner* v. *Perkins,* 59 Tex. 300; 2 Wade on Attachment, 687; *Moore* v. *First Nat. Bank,* 82 Tex. 537; *Moore* v. *Corley* (Tex. App., June 18, 1890), 16 S. W. Rep. 787; *Evans* v. *Tucker,* 59 Tex. 249; *Grebe* v. *Jones,* 15 Neb. 312, cited in Drake on Attachment, sec. 96 a; *Wright* v. *Snedecor,* 46 Ala. 92.) The affidavit does not follow the statute in giving the amount of indebtedness over and above all legal setoffs or counterclaims. (*Broughton* v. *McIntosh,* 1 Ala. 103; 22 Am. & Eng. Ency. of Law, 213, 372; Code Civ. Proc., sec. 438; *St. Louis Nat. Bank* v. *Gay,* 101 Cal. 289; *Lampkin* v. *Douglass,* 10 Abb. N. Cas. 342; *Moody* v. *Levy,* 58 Tex. 532; *Wilke* v. *Cohn,* 54 Cal. 212.)

*V. E. Shaw*, for Respondent.

The same particularity of statement is not required in the affidavit for attachment that is required in a pleading. (*Bank of California* v. *Boyd*, 86 Cal. 386.) An affidavit for attachment, corresponding with the petition as to the names of the parties and the amount claimed, and filed on the same day, sufficiently identifies the cause. (*Munzesheimer* v. *Heinze* (Tex. June 7, 1889), 11 S. W. Rep. 1094; Wade on Attachment, sec. 56; *Kohler* v. *Agassiz*, 99 Cal. 9.) The amount of indebtedness stated in the affidavit is not required to be the same as that averred in the complaint. (*Bowers* v. *London Bank*, 3 Utah, 417; *Kennedy* v. *California Sav. Bank*, 97 Cal. 93; 33 Am. St. Rep. 163; Code Civ. Proc., sec. 538.) A substantial compliance with the requirements of the statute respecting attachment is sufficient. (Wade on Attachment, sec. 56; *Simpson* v. *McCarty*, 78 Cal. 176; 12 Am. St. Rep. 37; *Kohler* v. *Agassiz, supra.*)

Vanclief, C.—This appeal is from an order denying defendant's motion to discharge and quash a writ of attachment issued in the above-entitled action, on the ground that the affidavit upon which the writ was issued is defective and insufficient. The following is a copy of the affidavit:

"IN THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA.

"Andrew J. O'Conor, Receiver of the Consolidated National Bank of San Diego, *Plaintiff,*
          *vs.*
"Ellen Roark, *Defendant.*

"State of California,    }
   "County of San Diego.  }  *ss.*

"Andrew J. O'Conor, being duly sworn, says that he is the plaintiff in the above-entitled action; that the defendant, Ellen Roark, in the said action, is indebted to him in the sum of seven thousand seven hundred and

fifty dollars, over and above all legal setoffs and counterclaims, upon an express contract for the direct payment of money, to wit: An assessment and requisition of $100.00 per share upon the shareholders of the Consolidated National Bank of San Diego, levied and made October 25, 1893, by James H. Eckels, comptroller of the currency, under and by virtue of the laws of the United States of America, and against the defendant, Ellen Roark, as one of the stockholders in said bank, and who was, on June 21, 1893, and ever since has been, and now is, the owner and holder of seventy-seven and one-half (77½) shares of the capital stock of said Consolidated National Bank of San Diego, and that the said defendant is a nonresident of this state.

"That the said attachment is not sought, and the said action is not prosecuted, to hinder, delay, or defraud any creditor or creditors of the said defendant.

"ANDREW J. O'CONOR."

The grounds of the motion will be stated and considered in the order in which they are presented.

1. It is contended that the affidavit does not show that the defendant was indebted to the plaintiff in his representative character as receiver.

The title of the action, prefixed as a heading to the affidavit, characterizes the plaintiff as "Receiver of the Consolidated National Bank of San Diego"; and, referring to this heading, the affidavit states that the affiant, Andrew J. O'Conor, "is the plaintiff in the above entitled action." This means that he is Andrew J. O'Conor, receiver of the Consolidated National Bank of San Diego. The next statement, "that the defendant in said action is indebted to *him*," plainly means that defendant is indebted to Andrew J. O'Conor, as characterized in the title of the action. The pronoun "him" relates to and stands for Andrew J. O'Conor, receiver of the Consolidated National Bank of San Diego, the plaintiff in the action, else it is not true, as stated in the affidavit, that Andrew J. O'Conor is the plaintiff in said action. It follows that the affidavit

complies in this respect with the requirement of the Code of Civil Procedure, section 538, that it shall show "that the defendant is indebted to the plaintiff."

As said by this court in *Bank of California* v. *Boyd,* 86 Cal. 388: "The indebtedness to the plaintiff is the principal element required in the affidavit, and when that appears by direct statement, and there is nothing in the affidavit inconsistent with such direct statement of indebtedness, the affidavit as to such indebtedness should, in our judgment, be held sufficient." In that case it is further said: "The same particularity of statement . . . . is not required in the affidavit for the issuance of a writ of attachment as in the complaint." (See, also, *Flagg* v. *Dare,* 107 Cal. 482.)

2. It is contended that the affidavit is fatally defective in that the sum of indebtedness therein specified differs from the amount of plaintiff's demand as stated in the complaint and in the writ; the sum of indebtedness specified in the affidavit being seven thousand seven hundred and fifty dollars, whereas the amount of plaintiff's demand, as stated in the complaint and also in the writ, is seven thousand seven hundred and fifty dollars, "with interest thereon from November 25, 1893, at seven per cent per annum."

While section 540 of the Code of Civil Procedure requires the writ of attachment to command the sheriff to attach so much property "as may be sufficient to satisfy the plaintiff's demand," and to state the amount of such demand "in conformity with the complaint," there is no requirement that the *affidavit* shall specify the amount of the indebtedness in conformity with plaintiff's demand as stated in the complaint; nor that the writ shall state the amount of plaintiff's demand in conformity with the affidavit. Yet the nature of the indebtedness is sufficiently stated in the affidavit to show that it draws legal interest from the date of its maturity; so that, in legal effect, there is no substantial difference between the affidavit and the complaint in respect to interest. The indebtedness, the amount of

CVIII. CAL.—12

which the statute (parenthetically) requires to be specified in the affidavit, is the principal thing, to which the right to legal interest pertains as a mere incident. An assignment of the principal debt, without reference to interest, would pass the incidental right to interest. However, I think it a sufficient answer to the objection under consideration that the statute requires the affidavit to specify only the amount of the indebtedness, and not the amount of plaintiff's demand in the complaint, which may be, and in this case is, for the principal debt, interest and costs. It is to be observed, however, that the amount of neither the interest nor the costs for which judgment is demanded is stated in the complaint; and that the amount of neither could have been estimated at the time the affidavit was made, since such amount of each depended upon future contingencies.

3. The statute requires the affidavit to specify the amount of the indebtedness, "over and above all legal setoffs *or* counterclaims." But the language of the affidavit in this case is, "over and above all legal setoffs *and* counterclaims." And it is contended that the substitution of the conjunction *and* in the affidavit for that of *or* in the statute is such a departure from the statutory requirement as makes the affidavit ineffectual as the foundation for the writ of attachment. Counsel for appellant say: "There is a distinction between setoffs and counterclaims . . . . Counterclaim embraces both setoff and recoupment, and is more comprehensive than either." Conceding this, and that the word *or*, in the statute, is used in its ordinary disjunctive sense (which I do not admit), still the affidavit must be held sufficient; for, if it be sufficient to state that the amount of indebtedness is over and above either setoffs *or* counterclaims, it must be sufficient to state that the amount is over and above both setoffs *and* counterclaims. Where a statute authorizes an act to be done upon the existence of any one of several distinct conditions, the existence

of all such conditions would surely be sufficient to jus-
tify the act.

I think the order should be affirmed.

BRITT, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the
order is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.