[S. F. No. 2325. Department One.—November 19, 1902.]

## CHARLES A. BALDWIN, Appellant, v. NAPA AND SONOMA WINE COMPANY, Respondent.

ATTACHMENT—AFFIDAVIT—STATEMENT OF DEBT—IMPROPER WRIT—UNLIQUIDATED DAMAGES.—A writ of attachment should issue only for the amount of indebtedness stated in the affidavit for the writ, as arising upon a contract for the direct payment of money. An attachment issued by the clerk for the entire amount demanded in the complaint, which included claims for unliquidated damages for breach of contract, was improperly issued, and an order dissolving it must be affirmed.

ID.—BASIS OF UNDERTAKING AND WRIT.—The basis for the writ is the affidavit, and the clerk must look to that alone for the purpose of determining the amount for which the sheriff is to levy under the writ, as well as the amount for which the undertaking is to be given.

ID.—CONSTRUCTION OF CODE—"PLAINTIFF'S DEMAND"—"CONFORMITY
TO COMPLAINT."—The provision of section 540 of the Code of Civil
Procedure, requiring the sheriff to attach and safely keep such
property "as may be sufficient to satisfy the plaintiff's demand,"
must be construed as referring to the demand stated in the affi-
davit, and not the amount for which plaintiff has asked judgment;
and the provision that the amount of plaintiff's demand must be
stated "in conformity to the complaint" is to be construed as
limited to a cause of action stated therein, for which a writ of
attachment is authorized.

APPEAL from an order of the Superior Court of the City
and County of San Francisco dissolving an attachment.
John Hunt, Judge.

The facts are stated in the opinion of the court.

Harold Wheeler, for Appellant.

M. B. Kellogg, for Respondent.

HARRISON, J.—Appeal from an order dissolving a writ
of attachment.

The plaintiff brought this action against the defendant for
the breach of a contract made by it with the plaintiff for
the purchase of certain wines. The contract is set forth in the
complaint, and certain breaches thereof on the part of the
defendant are alleged by the plaintiff by reason of which
he claims to have sustained damage to the amount of $8,782.
The contract was entered into March 29, 1898, and pro-
vided that the defendant would take and pay for the wines
of 1893, amounting to 8,500 gallons, prior to January 1, 1899,
and of the wines of the three succeeding years would take
17,500 gallons each year before September 1st, in carload
lots, one at a time; that prior to April 1, 1899, it would
examine the wines of 1897, and if found to be equal in qual-
ity to previous vintages, would accept them at the same price
as the wines for the previous years; that it would "push"
the wines, and would sell 1,000 cases the first year and 500
more the next year after the date of the contract. As
breaches of this contract, the plaintiff alleges that the defend-
ant has failed and refused to take or pay for 3,897 gallons
of the wines of 1893, and for 17,077 gallons of the 35,000
gallons that were to be taken and paid for prior to September

1, 1899, and that by reason thereof "there remains due to this plaintiff and owing and unpaid by defendant the sum of $5,782, in which sum plaintiff has suffered damages by reason of said defendant's neglect and refusal to pay the same"; that the defendant has refused to accept the wines of 1897, although it had examined them and found them equal to previous vintages; that it has neglected and refused to "push" the wines as provided in the contract, or to sell the number of cases of wine which it had agreed to sell; and that by reason of these defaults and breaches of the contract the plaintiff has sustained damages in the sum of $3,000. The plaintiff thereupon prayed for judgment against the defendant for the sum of $8,782.

At the commencement of the action the plaintiff presented to the clerk an affidavit by him, stating that the defendant in the action "is indebted to him in the sum of $5,000 over and above all legal set-offs and counterclaims, upon an express contract for the direct payment of money," and thereupon the clerk issued a writ of attachment directed to the sheriff of the city and county of San Francisco, reciting therein that the action had been commenced by the plaintiff to recover from the defendant the sum of $8,782, and commanding him to attach and safely keep so much property of the defendant "as may be sufficient to satisfy the said plaintiff's demand as above mentioned." Thereafter the defendant moved the court to dissolve the writ, upon the ground that the same had been improperly issued, setting forth in its motion the particular grounds upon which it was based. The superior court granted the motion, and the plaintiff has appealed from that order.

Section 537 of the Code of Civil Procedure authorizes the issuance of a writ of attachment "in an action upon a contract for the direct payment of money," but by section 538, before the clerk can issue the writ, there must be presented to him an affidavit on behalf of the plaintiff showing that the defendant is "indebted" to him upon such a contract, and also "specifying the amount of such indebtedness." By section 540 the writ which is thereupon issued must direct the sheriff to attach and safely keep so much of the defendant's property "as may be sufficient to satisfy the plaintiff's demand." The "demand" which is here referred to is that

which is stated in the affidavit upon which the writ is sought, and not the amount for which the plaintiff has asked in his complaint judgment against the defendant. The basis for the writ is the affidavit, and the clerk must look to that alone for the purpose of determining the amount for which the sheriff is to levy under the writ, as well as the amount for which an undertaking is to be given. The plaintiff may file an unverified complaint in which judgment is sought against the defendant in a larger amount than he would be willing to support by his oath, but he is entitled to a writ of attachment for only the amount for which he can "specify" in an affidavit that the defendant is "indebted" to him. Section 427 of the Code of Civil Procedure authorizes a plaintiff to unite in his complaint several causes of action, where they all arise out of contracts; and under this section he may unite with a cause of action upon a contract for the direct payment of money another cause of action arising out of contract wherein the damages for its breach are unliquidated, and for which he is not entitled to a writ of attachment. (*Hathaway* v. *Davis,* 33 Cal. 161.) He may also unite in his complaint several causes of action upon contracts for the direct payment of money, one of which may be secured by a pledge of personal property, while the others are unsecured. In either of these cases, if he would have a writ of attachment upon the cause of action for which it is authorized by section 537, the amount for which he could make the affidavit required by section 538 would be the amount for which the writ should issue and which should be stated therein.

The provision of section 540, that the amount of this "demand" must be stated "in conformity with the complaint," is to be construed as limited to a complaint upon a cause of action for which a writ of attachment is authorized. The section does not declare that the amount of the demand shall be the same as the amount claimed by the plaintiff in the prayer of his complaint; and by holding that the demand stated in the writ must be in conformity with the complaint, so far as its allegations authorize a writ of attachment, full effect is given to all of the provisions in the several sections upon this subject. In *DeLeonis* v. *Etchepare,* 120 Cal. 407, it was held that the amount stated in the writ might be "in conformity with" the complaint without being the identical

sum claimed by the plaintiff, provided it did not exceed that sum. The reasonableness and propriety of this construction of the section is well illustrated in the present case. The contract upon which the action is brought contains obligations on the part of the defendant other than for the direct payment of money, for the breach of which the plaintiff claims to have sustained damage in the amount of three thousand dollars. The damages thus claimed are unliquidated, and do not entitle him to the provisional remedy of an attachment. If the only cause of action set forth in his complaint had been the breach of the contract under which he claims these damages, he could not have made an affidavit showing that the defendant was "indebted" to him at the commencement of the action, or "specifying" the amount of any indebtedness, and, consequently, could have had no writ of attachment. He did not become entitled to a writ for this portion of the amount claimed from the defendant by uniting in his complaint another cause of action for which he might have been entitled to a writ. The plaintiff was evidently so advised in bringing the action, for in his affidavit for the writ he specifies the sum of $5,000 as the amount for which he claims that the defendant was indebted to him, and the writ should have been limited to that amount. In issuing the writ for the amount claimed by the plaintiff in the prayer of his complaint the clerk included the sum claimed as unliquidated damages, and for this reason the writ was improperly issued.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.