[Civ. No. 253.   Second Appellate District.—August 23, 1907.]

## JOHN A. FINCH, Appellant, v. A. J. McVEAN and JOHN F. McVEAN, Respondents.

ATTACHMENT—NOTICE OF MOTION TO DISSOLVE—SERVICE UPON ATTORNEY—NONRESIDENCE OF PLAINTIFF IMMATERIAL.—The service of notice of a motion by the defendant to dissolve an attachment must be made upon the attorney for the plaintiff.   The nonresidence of the plaintiff is immaterial, and cannot affect or extend the time required for the service of the notice.

ID.—BASIS FOR ATTACHMENT—AFFIDAVIT—WRIT EXCEEDING SUM STATED IN AFFIDAVIT—DISSOLUTION.—A writ of attachment is an independent proceeding in the action, and must be based wholly upon the claim of indebtedness stated in the affidavit, and where the writ was issued for a sum in excess thereof, the attachment was properly dissolved.

ID.—VARIANCE BETWEEN AFFIDAVIT AND COMPLAINT—WRIT BASED UPON COMPLAINT NOT SUPPORTED.—Where the complaint was upon two promissory notes, one for $4,000, dated March 19, 1904, with interest from date at ten per cent per annum, and the other for $3,500, dated December 30, 1904, with interest from date at seven per cent per annum, and the affidavit for attachment merely stated an indebtedness "in the sum of $7,500, besides interest," showing neither rate nor time, the indebtedness shown thereby is only for the principal sum stated, and a writ of attachment describing the sums stated in the complaint, with interest on each respectively at the rate and from the date specified, is not supported by the affidavit, and is for a sum in excess thereof.

APPEAL from an order of the Superior Court of Kern County dissolving an attachment.   J. W. Mahon, Judge.

W. W. Kaye, for Appellant.

Fred E. Borton, for Respondents.

TAGGART, J.—Appeal from an order dissolving an attachment.

The action was on two promissory notes of $4,000 and $3,500, bearing interest respectively at the rates of ten and seven per cent per annum. Both are set out *in extenso* in the complaint and the prayer of the complaint is for $7,500, "with interest thereon according to the terms of said promissory notes, and costs of suit." In the affidavit for the attachment the indebtedness is stated to be "in the sum of seven thousand five hundred dollars, besides interest." The writ of attachment recites that the action was commenced to recover $7,500, "besides interest at the rate of 10 per cent per annum from the 19th day of March, A. D. 1904, on the sum of $4,000, and interest at the rate of 7 per cent per annum from the 30th day of December, 1904, on the sum of $3,500, and costs of suit." These are in accordance with the terms of the notes as pleaded in the complaint.

The ground of the motion to dissolve is, that the writ of attachment was issued for a greater amount than that stated in the affidavit.

Plaintiff objected to the hearing of the motion to dissolve on the ground that proper notice of the motion had not been given. In support of this objection an affidavit showing that plaintiff was a nonresident was presented. It is claimed that the court was not held in the same county "with both parties" and therefore the plaintiff was entitled to ten days under the provisions of section 1005, Code of Civil Procedure, as that section stood prior to its amendment in 1907. This objection was properly overruled. Section 1015, Code of Civil Procedure, provides that service of notices of this character shall be upon the attorney instead of the party, and it would be idle for the law to measure the time of notice by the residence of the litigant when the service is to be made upon his attorney. After the appearance of the party by attorney, only such writs and process as affect the party as distinguished from the litigation are required to be served upon the party personally. (Code Civ. Proc., sec. 1015.)

Section 540, Code of Civil Procedure, provides that the writ of attachment directed to the sheriff must require him to attach so much of the defendant's property "as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint," etc. "The basis

6 Cal. App.—18

for the writ is the affidavit, and the clerk must look to that *alone* for the purpose of determining the amount for which the sheriff is to levy under the writ, as well as the amount for which an undertaking is given." (*Baldwin* v. *Napa Wine Co.*, 137 Cal. 649, [70 Pac. 732].) The apparent inconsistency between this construction of the law and the provisions of section 540, Code of Civil Procedure, above quoted, is conceded by the supreme court in the opinion in the case of *De Leonis* v. *Etchepare*, 120 Cal. 407, [52 Pac. 718], and the language of the section reconciled by a construction there given to it. The word "conform" as used in the section is held not to be the equivalent of "identical," but rather to mean "in correspondence in character and in harmony or congruity." (120 Cal. 415, [52 Pac. 721].) This construction is approved in *Baldwin* v. *Napa Wine Co.*, 137 Cal. 649, [70 Pac. 732], and considered in declaring the rule to be that the clerk must look to the affidavit alone.

In the case at bar the amount of the plaintiff's demand is stated in the writ in strict conformity with the allegations of the complaint. In this statement the rates of interest and the dates from which it is to be computed are set out specifically, while neither rates nor time appear in the affidavit. There is nothing in the affidavit by which the amount of interest due can be determined, and the only indebtedness the amount of which is expressly set forth therein is the principal sum of $7,500. On the other hand, the sheriff is required by the writ to attach enough of defendant's property to satisfy a demand of $7,500, principal, and, as ascertained by computation, about $475 interest.

While the same particularity of statement is not required in an affidavit for attachment that is required in a pleading, this rule does not extend to the matter of the indebtedness. The amount of the indebtedness to the plaintiff is the principal and all-important element in the affidavit. (*Bank of California* v. *Boyd*, 86 Cal. 388, [25 Pac. 20].) The amount stated therein determines how much of defendant's property the sheriff is to seize, and this in turn limits the amount for which an undertaking may be demanded by the sheriff to prevent or release the attachment. (*Baldwin* v. *Napa Wine Co.*, 137 Cal. 649, [70 Pac. 732] ; Code Civ. Proc., sec. 540.) Under the construction given to the statute by the case last cited we do not think the interest can be treated as a mere incident to

the principal. Nor can an attachment be sustained which requires the taking of more of a defendant's property than is requisite to secure the indebtedness stated in the affidavit.

An attachment proceeding is not a part of every civil action brought to recover on a contract for the direct payment of money. It is a provisional remedy to be used by the creditor at his election to make the property of the debtor available for the execution of any judgment that may be obtained in the action. It is initiated by an affidavit (in case of residents) setting forth the amount of the indebtedness due to plaintiff from defendant over and above all legal set-offs or counterclaims, upon a contract, for the direct payment of money, payable in this state, which has not been secured by mortgage, pledge or lien, or, if secured, the security has become valueless. In stating a cause of action in a complaint it is not necessary to state *under oath* the amount due, nor to allege that the amount of indebtedness stated is over and above all legal setoffs or counterclaims, or that the indebtedness has not been secured, but only indebtedness so qualified *under oath* can authorize the issuance of an attachment. The clerk, before issuing the writ, must see that the affidavit complies with the provisions of the statute and that the indebtedness therein stated, and so qualified, is supported by the statement in the complaint of an attachable cause of action for the direct payment of money, in an amount equal to or greater than the amount stated in the affidavit. Upon receiving the proper undertaking, he must then issue the writ for the amount stated in the affidavit. No indebtedness not covered by the affidavit can be included in that for which the writ issues.

There is nothing in *O'Connor* v. *Roark,* 108 Cal. 173, [41 Pac. 465], in conflict with the view here taken. In the statement of the contract in the affidavit for an attachment in that case there appeared the date of maturity of the obligation upon which the attachment rested, and the amount stated would be presumed to draw the legal rate of seven per cent from that date. The demand set forth in the writ was well within that averment of the affidavit and stated the amount demanded in the complaint. Conceding, for the sake of argument, that in the affidavit in the case at bar the words "with interest" imply the legal rate and that we may look to the complaint to ascertain the date of maturity, there yet

remains the variance and excess over the amount stated in the affidavit caused by one of the notes bearing interest at the rate of ten per cent per annum.

The writ, therefore, issued for an amount in excess of that stated in the affidavit, and in excess of any amount that might be imported into the affidavit by any of the theories suggested. The ruling of the superior court was proper and should be sustained.

Order appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.