[Civ. No. 1387. First Appellate District.—November 7, 1914.]

## JAMES TYSON et al., as Trustees, Respondents, v. A. W. REINECKE, Appellant.

CONTRACT OF GUARANTY—GUARANTY OF PAYMENT OF ACCOUNT AT DUE DATE—CHANGE OF TIME OF PAYMENT—WHEN GUARANTOR NOT EXONERATED.—Where a contract provided, in consideration of past and future deliveries of lumber and other materials, for a guaranty of payment for the same at "due date," and at the time the guaranty was executed the sales were upon a credit of sixty days, but there was no usage of trade or contract between the parties under which the debtor was entitled to a credit upon all sales at sixty days, and there is nothing to show that the creditor knew that the guarantor was aware of the length of credit that was being extended, the creditor was authorized to extend the credit for any reasonable length of time, and the guarantor was not exonerated from his contract of guaranty by the creditor accepting a series of notes thirty days after date of the sale payable in each case more than sixty days thereafter, where the term of credit was not unreasonable and did not materially change the contract of guaranty.

ID.—DUE DATE—COMMERCIAL MEANING OF.—While there seems to be no judicial interpretation of the term "due date," in commercial transactions, generally speaking, it means that an account will be paid at the time fixed or agreed upon for payment.

ID.—PAYMENT OF ACCOUNT—WHEN NOTES NOT ACCEPTED AS—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—It is held in this action that, as the evidence is conflicting upon the question as to whether certain promissory notes were given in payment of the account in question, the finding of the trial court to the effect that they were not given as such payment, cannot be disturbed on appeal.

ATTACHMENT—AMOUNT STATED IN WRIT GREATER THAN IN AFFIDAVIT—AMENDMENT OF WRIT—SECTION 558 CODE CIVIL PROCEDURE.—Although a writ of attachment is issued for a greater amount than that stated in the affidavit for the writ, where the trial court, under the terms of section 558 of the Code of Civil Procedure, as amended in 1909, permitted an amendment of the writ which made it and the affidavit agree in amount, which amendment the court was authorized to make, an order denying a motion to dissolve the attachment upon that ground cannot be disturbed on appeal.

ID.—GUARANTY—CONTRACT FOR DIRECT PAYMENT OF MONEY.—A contract of guaranty is a contract for the "direct payment of money," within the meaning of the sections of the code providing for attachment, and the payment being "direct," it is immaterial whether the obligation is principal or collateral.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial, and from an order refusing to dissolve an attachment. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, for Appellant.

Denson, Cooley & Denson, for Respondents.

RICHARDS, J.—This is an action on a guaranty. The appeal is by defendant from a judgment and from an order denying him a new trial. Defendant also appeals from an order refusing to dissolve an attachment.

Plaintiffs are assignees of Gage, Mills & Co., a partnership, and the action is brought for the reasonable value and the alleged contract price of lumber alleged to have been sold and delivered by said partnership to the Metropolis Construction Company, a corporation, and is founded upon a written instrument of guaranty signed by defendant in the words and figures as follows:

"San Francisco, Cal., Dec. 21st, 1909.
"Mss. GAGE MILLS & Co.,
     "No. 2005 Market St., City.
"Gentlemen:

"In consideration of having delivered lumber & other materials & that you will continue to deliver same to the Metropolis Construction Co. of No. 24 Cal. St.—I hereby guarantee the payment—at due date—of all the accounts for goods already delivered & to be delivered to the above Construction Co. in the future.

"Yours truly,
                    "A. W. REINECKE.
"Witness: Louis P. Schwerdt."

The answer admits the execution by the defendant of the said instrument of guaranty, but denies all the other material allegations of the complaint, and pleads exoneration of the guaranty under section 2819 of the Civil Code.

After trial, the court found in favor of the plaintiffs on all the issues and judgment was accordingly entered against the defendant for the sum of $6319.91, being the amount of plain-

tiffs' demand and interest from the time of commencing suit to the rendition of judgment. The defendant owned one share of stock in the Metropolis Construction Company. He was also, as he termed it, "accommodation treasurer" of the corporation, but performed none of the duties of that office. The partnership had been selling lumber to the corporation for several weeks, when W. L. B. Mills, a member of the partnership, prepared the instrument of guaranty here declared on, and sent it by Louis P. Schwerdt, a salesman of the partnership, to the defendant, with the request that the defendant should sign the same, which the defendant did. Originally, and for several months after the guaranty was made, the partnership was selling to the corporation "cash on sixty days." Subsequently the corporation being slow in its payments the partnership refused to give the corporation sixty days' time to pay its bills; and it was accordingly arranged between them that thirty days' time should be given the corporation when if it could not pay, notes at between thirty days and sixty days would be accepted. Under this arrangement, the partnership accepted a series of notes from the corporation, commencing in May, 1910, and ending in November, 1910, which notes were payable in thirty, thirty-five, forty-five, and sixty days after date. The notes given by the corporation to the partnership to and including September, 1910, were all paid by the corporation at maturity. A note given October 31, 1910, payable in thirty days, was also paid at maturity. The corporation, however, gave and the partnership accepted two notes which are unpaid for goods sold in September, 1910, also two notes for goods sold in October, 1910, which are not paid. These notes were given and accepted by the partnership in each instance thirty days after the sale and for a sufficient number of days to make the day of payment in each instance more than sixty days after the sale.

It is the contention of the defendant that these four notes, aggregating five thousand one hundred dollars, extended the time of payment of the amount, and that the acceptance of such notes by the partnership, under the terms of section 2819 of the Civil Code, exonerated the defendant *pro tanto* from the guaranty.

There can be no doubt that if what was done in this case as to each of the notes would amount to an extension of the

time of payment thereof beyond what was understood by the parties to be meant by the term ''due date,'' the defendant was exonerated, and plaintiff cannot recover. (*Daneri* v. *Gazzola,* 139 Cal. 418, [73 Pac. 179]; 20 Cyc. 1443.) The question then to be decided calls for a construction of the term ''due date.'' There seems to be no judicial interpretation of the meaning of the term; but it is clear that in commercial transactions, generally speaking, it means that an account will be paid at the time fixed or agreed upon for its payment. In this case, at the time the guaranty was executed, the copartnership was selling to the corporation goods upon a credit of sixty days; but there is no circumstance in the case that would warrant the conclusion that there was a usage of trade or a contract between the parties, under which the corporation was entitled to a credit upon all sales at sixty days. Schwerdt, the salesman for the partnership, who took the guaranty to the defendant to be signed, had no authority to bind the partnership to give the corporation sixty days' credit; nor did anything he said on that occasion have that effect. What he said there amounted to no more than a statement that at that time the partnership was giving the corporation sixty days' credit on all sales. Mills, who acted exclusively for the partnership concerning these matters, testified that the conversation between Schwerdt and the defendant as to the sixty days' credit was not reported back to him. If this was true, there is nothing in the record to show that the partnership knew that defendant was aware of the length of credit that was being extended to the Metropolis Construction Company; so, from the facts in the case, we hold that, even if the defendant had knowledge that the corporation was receiving sixty days' credit on all deliveries at and before the execution of the guaranty, there being no usage or understanding to the contrary, the partnership was authorized to extend the corporation credit for any reasonable length of time, and that some length of credit was contemplated by all the parties concerned.

But, as by the terms of the guaranty the credit was not limited or restricted in any respect as to time, we think that any reasonable change as to the length of the credit would not relieve the guarantor from his liability thereunder, unless such term of credit materially changed the contract of

guaranty. It is not claimed that the terms, as changed, were unreasonable.

· When the guaranty was executed, the period of credit was sixty days. Subsequently, in order that the corporation and the partnership might continue business relations, that period of credit was changed and a new date of payment was agreed on,—namely, that thirty days' credit should be given, at the expiration of which the account was to be paid or at the option of the corporation it was to give its note for some period of time varying according to circumstances from thirty to sixty days. Under these facts it is apparent that the giving of the notes was a part of the new arrangement which did not, in any material respect, change the contract of guaranty, and they marked the period of credit within which the payments were to be made. This brings the guarantor within the terms of his guaranty,—namely, that the accounts would be paid at "due date," and his liability follows.

Coming now to the proposition of whether or not the notes may be regarded as having been given and accepted as absolute payment, little need be said. Receipts for the notes and entries in the books of account kept by the partnership refer to the notes as having been received in payment. This, with other evidence in the record, would be sufficient, no doubt, to support a finding that the notes were accepted by the partnership as payment (*Jenne* v. *Burger*, 120 Cal. 444, [52 Pac. 706]), but Mr. Mills, who, as before stated, acted throughout these transactions for the partnership, denied that the notes were so accepted, and it is also in evidence that, in looking over the books of account of the concern and observing that the notes were entered therein as payment, Mills told the concern's bookkeeper that those entries were incorrect, and in the future to enter them as notes. In brief, it appears quite clear from a reading of the whole record that it was not the intention of the parties that the notes should be accepted in satisfaction of the accounts. In any event, it is certain there is a conflict in the evidence on this branch of the case, and for this reason we cannot, even if we were so inclined, disturb the finding of the court, which was against the defendant.

As to the appeal from the order denying a motion to dissolve the writ of attachment issued in the above entitled action, it appears that the ground of the motion was that

the writ of attachment issued for a greater amount than that stated in the affidavit. Assuming that this was true, in which event the motion would be well founded (*Finch* v. *Mc-Vean*, 6 Cal. App. 272, [91 Pac. 1019]; *O'Conor* v. *Roark*, 108 Cal. 173, [41 Pac. 465]), still, as the court, under the terms of section 558 of the Code of Civil Procedure, as amended in 1909, permitted an amendment of the writ which made it and the affidavit therefor agree in amount, and as we think in so doing the court acted within the authority vested in it by that section, it follows that its order cannot be disturbed.

Taking up the last point made by defendant, we think it equally clear that a contract of guaranty is a contract "for the direct payment of money." It is a collateral contract for a "direct payment of money." If the payment is "direct," it is immaterial whether the obligation is principal or collateral. (*Hathaway* v. *Davis*, 33 Cal. 161, 167; *San Francisco* v. *Brader*, 50 Cal. 506; *County of Monterey* v. *McKee*, 51 Cal. 255; *McKee* v. *Monterey County*, 51 Cal. 275.)

It follows from what has been said that the appeal from the judgment and from the order refusing a new trial, as well as the appeal from the order refusing to dissolve the attachment, should be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1915.