[Civ. No. 2950. Fourth Dist. Nov. 12, 1941.]

JOHN MURILLO, Appellant, v. FRED J. TOOLE et al., Respondents.

William H. Brawner for Appellant.

Chase, Barnes & Chase, Laurence A. Peters, and Sarau & Thompson for Respondents.

WEST, J. *pro tem.*—This action was instituted on October 12, 1940, by plaintiff and appellant in two causes of action, the first for the recovery of $14,697, together with interest at 7 per cent from April 8, 1940, and costs alleged to be due from defendants and respondents for work, labor, materials and equipment furnished respondents in connection with the leveling of a tract of land in Riverside County; and the second, for the foreclosure of a mechanic's lien on said land.

With the complaint plaintiff filed his affidavit for attachment which recited "that defendants herein are indebted to me in the sum of $14,697 lawful money of the United States," and was in the usual form of such affidavits. A writ of attachment was procured for $14,697, besides interest and costs of suit. The undertaking for attachment filed by plaintiff to obtain the writ was in the sum of $200. Defendants appeared and moved the court for an order discharging the attachment or in lieu thereof increasing the undertaking to $14,697. This motion was supported by an affidavit made by one of the defendants, which affidavit recited that the damages sustained by reason of the attachment might exceed $15,000. The motion was granted in the alternative as follows:

"It is ordered that the defendants' motion to discharge attachment or to increase the undertaking on attachment herein be granted as follows:

"Within ten days from the date hereof, plaintiff shall increase the amount of his bond to the sum of $15,000.00 and upon the failure to file a good and sufficient bond, in said sum, within said time, the attachment herein will be discharged."

Prior to the termination of the ten-day period plaintiff served and filed a motion to vacate the alternative order and upon the same coming on for hearing the court denied plaintiff's motion to vacate, and the ten-day period having elapsed and plaintiff not having filed his increased undertaking, an order was made discharging the attachment. This appeal followed and was taken (1) from the order increasing the amount of the undertaking or in the alternative discharging the attachment; (2) from the order denying plaintiff's motion to vacate the alternative order; and (3) from the order discharging the attachment upon failure to file the increased undertaking.

An order denying a motion to vacate and set aside a previous order is not one of the appealable orders designated by section 963 of the Code of Civil Procedure, nor generally is an order increasing the amount of an undertaking on attachment appealable. (*Tiffany Productions, Inc.*, v. *Superior Court*, 131 Cal. App. 729 [22 Pac. (2d) 275].)

The court has the inherent power, as an incident to the provisional remedy of attachment, to require an increase

in the amount of an undertaking. (*Francis* v. *Superior Court*, 58 Cal. App. 618 [209 Pac. 80] ; *Greene* v. *Superior Court*, 133 Cal. App. 35 [23 Pac. (2d) 785] ; *Tiffany Productions, Inc.,* v. *Superior Court, supra.*) ▆ But the question whether an order of the court increasing the amount of such undertaking to an amount in excess of that claimed by plaintiff is void as in excess of the jurisdiction of the court requires further consideration. So far as pertinent here, section 539 of the Code of Civil Procedure provides that the clerk, judge, or justice of the court in which the action is pending cannot require an undertaking of less than $50 nor more than the amount claimed by plaintiff. It is respondents' contention that with the accrual of interest and costs, the claim of appellant was enlarged so that the court was justified in concluding that it was over the sum of $15,000; and that such order of increase was therefore proper. However, the demand or claim of plaintiff where an attachment is sought is determined not by the prayer of the complaint but by the statement in the affidavit. In the case of *Baldwin* v. *Napa & Sonoma Wine Co.,* 137 Cal. 646 [70 Pac. 732], the Supreme Court said: ''The basis for the writ is the affidavit, and the clerk must look to that alone for the purpose of determining the amount for which the sheriff is to levy under the writ, as well as the amount for which an undertaking is to be given.'' To the same effect see *Nail* v. *Superior Court,* 11 Cal. App. 27 [103 Pac. 902].

The affidavit for attachment here sets forth the indebtedness at the sum of $14,697, with nothing said about interest or costs. Neither the clerk in the first instance, nor the court upon a motion to increase the undertaking, may disregard the clear language of the statute as the same is construed in the two cases just cited. Therefore, it is our opinion that the court's order was erroneous insofar as it purported to require the filing of an undertaking in an amount larger than the claim of indebtedness reflected by the affidavit for attachment.

▆ However, the order discharging the writ was proper and must be upheld upon another ground. As hereinbefore stated, the claim of indebtedness of plaintiff as reflected by his affidavit for attachment was $14,697. The writ issued pursuant thereto, however, recites that the action was commenced to recover the sum of $14,697, besides interest at the

rate of 7 per cent and costs of suit. In *Finch* v. *McVean*, 6 Cal. App. 272 [91 Pac. 1019], a motion to dissolve an attachment was made on the ground that the writ was issued for a greater amount than the indebtedness stated in the affidavit. The facts in that case were that an action was commenced on two promissory notes of $3,500 and $4,000, which respectively bore interest at 7 per cent and 10 per cent. The prayer of the complaint was for $7,500, the sum of the principal of the notes "with interest thereon according to the terms of said promissory notes and costs of suit." In the affidavit for attachment the indebtedness was stated to be "in the sum of $7,500 besides interest." The writ of attachment recited that the action was commenced to recover $7,500 "besides interest at the rate of 10 per cent per annum from the 19th day of March, A. D. 1904, on the sum of $4,000 and interest at the rate of 7 per cent per annum from the 30th day of December, 1904, on the sum of $3,500, and costs of suit." The motion to dissolve was granted and the order appealed from was affirmed, the Supreme Court saying:

"In the case at bar the amount of the plaintiff's demand is stated in the writ in strict conformity with the allegations of the complaint. In this statement the rates of interest and the dates from which it is to be computed are set out specifically, while neither rates nor time appear in the affidavit. There is nothing in the affidavit by which the amount of interest due can be determined, and the only indebtedness the amount of which is expressly set forth therein is the principal sum of $7,500. On the other hand, the sheriff is required by the writ to attach enough of defendant's property to satisfy a demand of $7,500, principal, and, as ascertained by computation, about $475 interest.

"While the same particularity of statement is not required in an affidavit for attachment that is required in a pleading, this rule does not extend to the matter of the indebtedness. The amount of the indebtedness to the plaintiff is the principal and all-important element in the affidavit. (*Bank of California* v. *Boyd*, 86 Cal. 388 [25 Pac. 20].) The amount stated therein determines how much of defendant's property the sheriff is to seize, and this in turn limits the amount for which an undertaking may be demanded by the sheriff to prevent or release the attachment. (*Baldwin* v. *Napa Wine Co.*, 137 Cal. 649 [70 Pac. 732];

Code Civ. Proc., sec. 540.) Under the construction given to the statute by the case last cited we do not think the interest can be treated as a mere incident to the principal. Nor can an attachment be sustained which requires the taking of more of a defendant's property than is requisite to secure the indebtedness stated in the affidavit." (See, also, *Tyson* v. *Reinecke,* 25 Cal. App. 696 [145 Pac. 153]; *Rosenberg* v. *Bullard,* 127 Cal. App. 315 [15 Pac. (2d) 870].)

In the instant case the invalidity of the attachment is reflected even more clearly, for interest is not even referred to in the affidavit and yet the writ based thereon recites interest as a part of the claim of plaintiff. "No indebtedness not covered by the affidavit can be included in that for which the writ issues." (*Finch* v. *McVean, supra.*)

We must conclude that the order of the court in discharging the writ was proper. In the absence of a timely amendment either of the writ or the affidavit, to make the two conform, the discharge was necessary under section 558 of the Code of Civil Procedure.

The order dissolving the attachment is affirmed. The attempted appeals from the other orders are dismissed.

Barnard, P. J., and Marks, J., concurred.