[Civ. No. 18424.   First Dist., Div. Two.   Sept. 30, 1959.]

P. M. BARCELOUX et al., Appellants, v. MAXINE D. DOW, Respondent.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein, in pro. per., and Roy A. Sharff for Appellants.

Rogers & Clark, Webster V. Clark and Bernard P. McCullough for Respondent.

STONE, J. pro tem.*—This is an appeal by plaintiffs from an order releasing a portion of defendant's property from a levy of attachment and from an order striking plaintiffs' bill of particulars from the clerk's transcript on appeal.

On October 30, 1957, plaintiffs, P. M. Barceloux and B. J. Goldstein, attorneys at law, filed their complaint for attorneys' fees in the amount of $35,000 plus interest at 7 per cent from August 14, 1957, for services rendered to the defendant, Maxine B. Dow, in her capacity as widow, heir, devisee, legatee and creditor of the estate of Edgar L. Dow. On the same date, plaintiffs filed their affidavit for attachment in the same amount and writs were issued to the sheriffs of the City and County of San Francisco and Yolo County. Plaintiffs levied upon 2,000 shares of common stock of River Farms Company of California standing in the defendant's name together with accrued dividends in the sum of $4,000; her interest in the estate of Edgar L. Dow, deceased, including $1,000 due for extraordinary fees as administratrix with the will annexed and $789 statutory fees. Plaintiffs also attached defendant's bank account in the sum of $519.72. Defendant filed her answer alleging that the plaintiffs had represented her

*Assigned by Chairman of Judicial Council.

only in her capacity as executrix of the estate of Dow and had been paid for their services. On March 17, 1958, defendant moved to discharge and dissolve the writs of attachment as to all property attached in excess of the value of $35,000 plus interest, the amount plaintiffs sought in the complaint and specified in their affidavit for attachment. The court granted defendant's motion, and ordered all property released except 1,000 shares of common stock of River Farms Company of California. The court found that these shares had a minimum value of $50,000 and would therefore adequately protect the plaintiffs. Subsequently, the court granted defendant's motion to strike plaintiffs' bill of particulars which detailed the legal services rendered by the plaintiffs to the defendant.

Appellants specify three grounds of error:

(1) The superior court erred in striking plaintiffs' bill of particulars from the clerk's transcript on appeal;

(2) The court exceeded its jurisdiction in releasing a portion of defendant's property from attachment without requiring an undertaking from the defendant, pursuant to sections 554 and 555 of the Code of Civil Procedure;

(3) The court abused its discretion in determining the value of defendant's property remaining under attachment.

■ Striking plaintiffs' bill of particulars from the clerk's transcript on appeal was proper. The bill of particulars had no bearing on the issue before the court, namely, whether the excess property should be released from the levy of attachment. The merits of plaintiffs' claim were not at issue. (*Lewis* v. *Steifel*, 98 Cal.App.2d 648, 650 [220 P.2d 769].) For the purposes of the hearing, the court was governed by the amount set forth in the complaint and in the affidavit for attachment. (Code Civ. Proc., § 538; *Murillo* v. *Toole*, 47 Cal.App.2d 725 [118 P.2d 895]; *Finch* v. *McVean*, 6 Cal.App. 272 [91 P. 1019].)

■ Plaintiffs charge that the court erred by ordering the release of all property under attachment except 1,000 shares of River Farms stock. The court found the stock to be of a minimum value of $50 per share, or a total of $50,000. Thus, the minimum value of stock remaining under attachment exceeded the $35,000 plus 7 per cent interest claim set forth in plaintiffs' complaint and in their affidavit for attachment. Plaintiffs contend that the trial court exceeded its jurisdiction, none the less, because the defendant was not required to file an undertaking as provided by the Code of Civil Procedure, sections 554 and 555. These two sections

permit a defendant to move the court for the partial or total release from attachment of his property by furnishing an undertaking. However, these sections make no mention of the release of attached property in excess of the amount claimed by plaintiffs' complaint and affidavit for attachment, and there appears to be no provision in the Code of Civil Procedure for such a proceeding. Plaintiffs argue that since there is no such provision, sections 554 and 555 must govern. They also contend that said sections must be strictly construed to limit the authority of the trial court to release property upon the sole condition that the defendant file an undertaking. This limitation, they argue, applies whether or not the property concerned is ''excess.''

We fail to find an expression of such legislative intent nor can it be read into sections 554 and 555. The right to attach property in the first instance derives from the Code of Civil Procedure, section 540, and the court cannot be precluded from considering this code section in a proceeding for the release of attached property. Section 540 provides, in part:

''The writ must be directed to the sheriff, or a constable, or marshal of any county in which property of such defendant may be, and must require him to attach and safely keep all the property of such defendant within his county not exempt from execution, *or so much thereof as may be sufficient to satisfy the plaintiff's demand* against such defendant, the amount of which must be stated in conformity with the complaint . . .'' (Emphasis added.)

The inference is clear from the quoted language of section 540 that a plaintiff is entitled to attach only so much of defendant's property as is necessary to satisfy plaintiff's claim in full.

A proceeding for the release of ''excess'' property is simply a judicial determination pursuant to the Code of Civil Procedure, section 540, of whether or not a plaintiff has attached more of defendant's property than is sufficient to satisfy plaintiff's demand. The argument of plaintiffs that they have the right to attach all of defendant's property regardless of the value thereof and without regard to plaintiffs' claim shocks the conscience and is contrary to the fundamental principles of justice.

Counsel agree that the precise question confronting us is novel. However, there is a long line of cases holding that a writ of attachment may not issue for a greater amount than the indebtedness stated in the affidavit. A violation of this

rule of law requires a dissolution of the attachment upon proper motion. (*Finch* v. *McVean,* 6 Cal.App. 272 [91 P. 1019]; *Murillo* v. *Toole,* 47 Cal.App.2d 725, 729 [118 P.2d 895]; *DeLeonis* v. *Etchepare,* 120 Cal. 407 [52 P. 718]; *Baldwin* v. *Napa etc. Wine Co.,* 137 Cal. 646 [70 P. 732]; *Rosenberg* v. *Bullard,* 127 Cal.App. 315 [15 P.2d 870].)

In *DeLeonis* v. *Etchepare, supra,* the court was considering a motion to release attachment where the writ was issued for more than the amount demanded by the complaint. The court said at page 412:

". . . That a writ of attachment cannot be sustained when issued for more than is demanded in the complaint is clear, since no judgment can exceed the amount so demanded; and to say that more property of the defendant may be seized and held pending the action than can be necessary to satisfy the judgment demanded is so obviously wrong and without authority of law as to require neither argument nor authority to show it."

The same reasoning impels the conclusion that when plaintiffs attach property of a value greater than that demanded by their complaint, the "excess" property must be released. (5 Cal.Jur.2d, § 70, p. 686.)

Attachment is a provisional remedy devised to protect a plaintiff pending trial but if applied as suggested by plaintiffs, the provisional remedy could become an instrument of coercion. It has been said that attachment is a harsh remedy at best in that an alleged debtor loses control of his property before the claim against him has been adjudicated. This being so, the provisions relating thereto should be strictly construed.

Plaintiffs' final argument is that in ascertaining the amount of property which should remain under attachment, the court established an erroneous measure of value. Plaintiffs contend that the court should have found the "forced sale value" of the property for their protection; yet they have not defined "forced sale value." The term is so fraught with ramifications that any attempt to make such a determination would be impractical and the result highly conjectural. The court used the more reasonable determination of "minimum value." This, it found to be $50 per share and ordered 1,000 shares with a minimum total value of $50,000 held under attachment to secure the $35,000 claim and interest. The evidence the court had before it would have justified a finding that the reasonable market value of the stock was $60

or even $70 a share.   Thus, it is quite apparent the court anticipated the very situation envisioned by plaintiffs and adopted the minimum value of the stock for plaintiffs' protection.   As an added precaution, the court ordered shares held under attachment which had a value in excess of the amount of plaintiffs' claim.   We find no abuse of discretion in the court's determination of a "minimum value" of the stock or in the number of shares remaining under attachment.

The order is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

A petition for a rehearing was denied October 30, 1959, and appellants' petition for a hearing by the Supreme Court was denied November 25, 1959.