[Civ. No. 44915. Second Dist., Div. Two. Aug. 25, 1975.]

EDWARD R. FORAKER et al, Plaintiffs and Respondents, v. THOMAS M. O'BRIEN, Defendant and Appellant.

COUNSEL

Ball, Hunt, Hart, Brown & Baerwitz, Richard C. Goodman and Daniel W. Indelli for Defendant and Appellant.

McCormick, Barstow, Sheppard, Coyle & Wayte, James P. Wagoner and Oliver W. Wanger for Plaintiffs and Respondents.

OPINION

COMPTON, J.—The court below after hearing on a motion by defendant Thomas O'Brien refused to dissolve a prejudgment attachment of defendant's property. Defendant appeals from the order denying his motion.

Understanding of defendant's contentions requires a brief description of the present procedure for obtaining prejudgment attachment in California. This procedure is the legislative response to judicial determination that the previously existing provisions for ex parte prejudgment attachment were constitutionally defective as violative of due process of law. (*Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].)

The present procedure limits the availability of prejudgment attachment to specific types of actions (Code Civ. Proc., § 537.1) and against specified types of defendants (Code Civ. Proc., § 537.2). Essentially prejudgment attachment is available against corporations, partnerships or individuals engaged in a trade or business, i.e., "business" type defendants when the action is for a liquidated sum based upon money loaned, a negotiable instrument, sale, lease or license to use real property, or services rendered, i.e., "commercial" transactions. Any

action for the recovery of money against a nonresident defendant is the other type of proceeding where the remedy is available.

Application for this provisional remedy must be supported by an affidavit or affidavits based on personal knowledge showing that the action is one where attachment is proper and that generally the claim is meritorious. (Code Civ. Proc., § 538.)

The application, after scrutiny by the court or a commissioner for a prima facie showing of entitlement, leads to the issuance of a temporary restraining order preventing disposition of assets and a notice of hearing to determine whether the writ of attachment shall issue. (Code Civ. Proc., § 538.1.) That hearing is conducted on the basis of either affidavits or oral testimony or a combination thereof, (Code Civ. Proc., § 538.4) and the writ will issue if a preponderance of evidence establishes that the action is a proper one for attachment and that the claim sued on is meritorious.

Remnants of the former procedure for ex parte issuance of a writ of attachment without notice and hearing is retained in limited situations and germane to the case at bar is the situation where "The plaintiff establishes to the satisfaction of the court that there is a substantial danger that defendant will transfer, other than in the ordinary course of business, remove or conceal the property sought to be attached," or where the defendant is a nonresident. (Code Civ. Proc., § 538.5.)

This ex parte procedure is further circumscribed in that if the writ of attachment is issued without notice and hearing solely on the basis that defendant is a nonresident, and the defendant is not a "business" type defendant, such defendant may obtain a discharge of the writ by making a general appearance. Further, a nonresident "business" type defendant may obtain a discharge by making a general appearance if the claim is not based on a "commercial" transaction as described in Code of Civil Procedure section 537.1.

Finally, a nonresident "business" type defendant who *is* sued on a "commercial" type claim and whose property has been attached without notice and hearing may at any time after the levy request and obtain a hearing. Such hearing is then conducted under the provisions of Code of Civil Procedure section 538.4.

The original application for writ of attachment in this case was filed by plaintiff Joseph Foraker on the form approved by the judicial council. Plaintiff sought to attach property of defendant in the value of $60,000, the amount of the claim against defendant. Defendant was described in the application as a nonresident individual engaged in a trade or business and the claim was declared to be for services rendered. Thus plaintiff sought to establish two bases for attachment.

The application was supported by the declaration of plaintiffs' attorney, S. Zachary Samuels, Esquire. That affidavit called the court's attention to a memorandum of points and authorities previously filed in the action by defendant which stated that the defendant lived and worked in Midland, Texas, and was usually out of the State of California. The declaration further stated that defendant was disposing of his real property by transferring parcels to his wife and father for nominal or no consideration. This declaration established the basis for issuance of the writ without notice and hearing.

Based on the foregoing the court issued a writ of attachment without hearing. The order, which was also on a form approved by the judicial council, recited that the court found defendant to be a nonresident and that the plaintiffs had established to the court's satisfaction that there was a substantial danger that defendant would transfer, remove or conceal the property sought to be attached. An undertaking of $30,000 was posted.

Subsequently, defendant moved to discharge the writ of attachment. The motion was supported by a declaration of defendant O'Brien alleging basically that he was a resident of California and was not an individual engaged in a trade or business and that he was not indebted to plaintiffs as claimed.

Plaintiffs countered with an additional declaration of Mr. Samuels stated to be based on personal knowledge and which incorporated certain documentary evidence. This declaration was more expansive than the original and served to establish with greater force the allegations of the original application.

Following the hearing the court denied the motion to dissolve the writ of attachment. Implicit in the order of denial was a finding that the preponderance of evidence established the necessary conditions under Code of Civil Procedure section 538.4.

Defendant first contends that the writ should have been discharged because of the inadequacy of the undertaking. He argues that the total damages sought in the various causes of action pleaded in the complaint far exceeded $60,000 and thus an undertaking of $30,000 was inadequate. Code of Civil Procedure section 539 requires the undertaking to be in one-half the amount of the total indebtedness or damages claimed.

The demand or claim of a plaintiff where an attachment is sought is determined, not by the prayer in the complaint but by the statement in the affidavit. (*Baldwin* v. *Napa etc. Wine Co.,* 137 Cal. 646 [70 P. 732]; *Murillo* v. *Toole,* 47 Cal.App.2d 725 [118 P.2d 895].) Here the affidavit claimed $60,000, thus the $30,000 undertaking satisfied the statute. In any event, defendant could have sought an increase in the amount of the undertaking and such increase could have been ordered by the court without dissolving the writ of attachment. (Code Civ. Proc., § 539.)

Defendant's remaining contentions are all aimed at the fundamental issue of whether he was a person in the category of those whose property is subject to attachment and whether the action was of the type in which attachment is proper. Those issues were essentially factual in nature and there is sufficient evidence in the record to support the trial court's resolution of them.

We first address ourselves to the question of the issuance of the writ without a hearing. Attachment, as noted, is permissible in an action against a nonresident based on any claim for money, whether the defendant is a "business" type defendant or not. In such a situation the writ may be issued without a hearing on the basis of nonresidency alone. If the defendant in that case, however, is not a "business" type defendant or the claim is not a "commercial" type, then a general appearance by the defendant will discharge the attachment. Nothing in the statutes, however, would appear to prevent the plaintiff in that situation from proceeding anew to apply for attachment pursuant to Code of Civil Procedure sections 537, 537.1, and 537.2.

If, on the other hand, the defendant was of a "business" type and the claim of a "commercial" type, such defendant is entitled to hearing pursuant to section 538.4. There the levy without notice and hearing simply serves the same function as the temporary restraining order and precipitates the hearing provided by section 538.4. Where, as here, the attachment was issued without a hearing on the grounds that defendant

was disposing of assets and not simply on the grounds of nonresidency, the result is the same. Defendant's general appearance does not discharge the writ. The writ having served the function of the temporary restraining order brings about a hearing pursuant to Code of Civil Procedure section 538.4.

Defendant contends that the affidavits of the plaintiff Joseph E. Foraker and his attorney S. Zachary Samuels were insufficient in that they were not based upon the personal knowledge of the person subscribing thereto. Section 538 of the Code of Civil Procedure, which applies to all attachments, with or without hearing, entitled "Affidavits for Attachment: Required showings" requires that an application be supported by an affidavit or affidavits based upon the personal knowledge of the person subscribing thereto. On the other hand, section 538.5 entitled "Issuance of writ without notice and/or hearing: Prerequisite conditions" does not contain the requirement of personal knowledge. There is no mention in Code of Civil Procedure section 538.5 of affidavits or declarations based upon personal knowledge. As to the provision relating to disposing of assets, the requirement is only that the court be satisfied of the existence of the danger.

Defendant, however, argues that the personal knowledge requirement of section 538 of the Code of Civil Procedure should be read into section 538.5. The plain wording of section 538.5 negates such incorporation. " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' " (*City of Port Hueneme* v. *City of Oxnard,* 52 Cal.2d 385, at p. 395 [341 P.2d 318]; see also *People* v. *Norwood,* 26 Cal.App.3d 148 [103 Cal.Rptr. 7].)

Furthermore, even though the original Samuels' declaration does not expressly state that it is based on his personal knowledge, the rule of *Weathers* v. *Kaiser Foundation Hospitals,* 5 Cal.3d 98, at page 106 [95 Cal.Rptr. 516, 485 P.2d 1132], is applicable. " 'It is the general rule that statements in affidavits are presumed to be made on personal knowledge unless stated to be on information and belief and unless it appears affirmatively or by fair inference that they *could not have been, and were not,* on such knowledge.' " (Italics added.) The foregoing rule is equally applicable to the declaration of Joseph E. Foraker.

It is also of significance that the Foraker declaration was submitted on the form prescribed by the Judicial Council and that form contains no reference to the declarant's personal knowledge. The form (Form 129) does cite the applicable Code of Civil Procedure sections 538, 538.5 and 2015.5 and was obviously drafted with an intent to comply therewith.

In any event, a hearing was afforded to defendant after which the writ was ordered continued in force. Thus the question of whether the writ of attachment should have originally been issued without a hearing is moot and as indicated above the declaration of Mr. Samuels which was presented at the hearing was stated to be based on personal knowledge.

The issues to be resolved at the hearing were those set forth in Code of Civil Procedure section 538.4. As pertains to this case those issues were simply (1) was defendant a nonresident, (2) was the claim one for money, and (3) was the claim meritorious? Thus we need not discuss the evidence which defendant offered or the contentions he now makes that the claim was not a "commercial" type and that defendant was not a "business" type defendant. The evidence fully supports the trial court's implied determination of the existence of the essential conditions, i.e., defendant's nonresident status and the meritorious nature of the claim.

The order is affirmed.

Roth, P. J., and Beach, J., concurred.