[Civ. No. 37605. First Dist., Div. One. June 18, 1976.]

SHAW, HOOKER & COMPANY, Plaintiff and Appellant, v.
ROBERT L. HAISMAN, Defendant and Respondent.

**COUNSEL**

Layman & Lempert and Arthur J. Lempert for Plaintiff and Appellant.

Howard S. Burnside for Defendant and Respondent.

## Opinion

**BRAY, J.**\*—Plaintiff appeals from the order of the San Francisco Superior Court granting defendant's motion to quash the writ of attachment.

### Issue Presented

Respondent was not engaged in a trade or business and hence the trial court properly quashed the writ of attachment upon his real property.

### Record

On March 7, 1975, plaintiff and appellant Shaw, Hooker and Co. filed a complaint for damages in the San Francisco Superior Court against Robert L. Haisman, Beverly J. Haisman and David B. Haisman. A writ of attachment was executed upon certain real property of defendant and respondent Robert L. Haisman. Respondent moved to quash the writ and on June 10, 1975, hearing was held on his motion. On June 25, 1975, the court granted respondent's motion to quash the writ, the court finding that at the time of the attachment respondent was not a person "engaged in a trade or business" as required by Code of Civil Procedure section 537.2, subdivision (c). Plaintiff appeals by a judgment roll appeal.

### Facts

Section 537 of the Code of Civil Procedure provides in pertinent part that the plaintiff may have the property of a defendant "attached in accordance with the procedure provided for in this chapter, as security for the satisfaction of any judgment that may be recovered, . . ."

Section 537.2 of the Code of Civil Procedure, in pertinent part, reads: "The defendants referred to in Section 537 are: . . . (c) Individuals engaged in a trade or business."

The parties are in basic agreement as to the facts. Appellant is a stockbroker conducting a general securities business. Respondent, an employee of appellant, was a salesman of stocks, bonds, and other

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

securities. During July 1974 respondent entered into an agreement with appellant wherein he authorized and directed appellant to act as his agent to purchase and sell certain stocks and other securities for his own account with appellant. Pursuant to that agreement various transactions were made between July and October of 1974 which consisted of the sale of "call options" for stock of American Telephone & Telegraph Company ("AT&T") and the purchase of warrants for AT&T. Respondent also sold call options for stock of Atlantic Richfield Corporation ("Arco") and purchased warrants for Arco stock. In October 1974 appellant made a demand for payment of the remaining balance due on the purchase price for the warrants. At the same time, appellant demanded that respondent close out the call option position by buying options to cover the options he had sold. When respondent neither paid the balance due nor closed out his call position, appellant closed respondent's account and brought suit against him for the entire balance due.

*Respondent was not engaged in a trade or business as required by Code of Civil Procedure section 537.2, subdivision (c).*

Appellant contends that respondent was an individual "engaged in a trade or business" and as such is a defendant subject to attachment of property. (Code Civ. Proc., § 537.2, subd. (c).) Appellant contends that the answer to the complaint admitted such and argues that the court's finding that respondent is not such an individual is incorrect.

The present procedure for obtaining prejudgment attachment in California "is the legislative response to judicial determination that the previously existing provisions for ex parte prejudgment attachment were constitutionally defective as violative of due process of law. (*Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]; *Randone* v. *Appellate Department*, 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].) [¶] The present procedure limits the availability of prejudgment attachment to specific types of actions (Code Civ. Proc., § 537.1) and against specified types of defendants (Code Civ. Proc., § 537.2). Essentially prejudgment attachment is available against corporations, partnerships or individuals engaged in a trade or business, i.e., 'business' type defendants when the action is for a liquidated sum based upon money loaned, a negotiable instrument, sale, lease or license to use real property, or services rendered, i.e., 'commercial' transactions. Any action for the recovery of money against a nonresident defendant is

the other type of proceeding where the remedy is available." (*Foraker* v. *O'Brien* (1975) 50 Cal.App.3d 856, 859-860 [124 Cal.Rptr. 110].)

 In this appeal, the question to be resolved is whether the court was in error in determining that respondent is not an individual "engaged in a trade or business" and therefore is not a defendant subject to attachment of property. The issue appears to have been resolved by the decision in *Advance Transformer Co.* v. *Superior Court* (1974) 44 Cal.App.3d 127 [118 Cal.Rptr. 350]. That decision discusses in detail both California and federal authorities which have interpreted the phrase "engaged in business" and concludes (at p. 139) that the phrase is capable of a wide variety of meanings. It then discusses the legislative history of the interim attachment procedure and concludes (at pp. 141-142): "[T]he provisions of sections 537.1 and 537.2 disclose the legislative purpose to restore (on an interim basis) the remedy of attachment in actions against resident defendants only for the enforcement of claims 'involving the loan of money or the furnishing of goods by one business to another.' . . . [¶] It is necessary to read sections 537.1 and 537.2 together to discern the mode by which the Act's purpose to restrict attachments to 'commercial actions' is implemented. The transactions qualifying under section 537.1 are of a type generally engaged in by businesses. The obligors of the claims generated thereby are not always businesses; hence the requirement that the action be 'against a defendant described in subdivision (a), (b) or (c) of section 537.2.' Section 537.2, then, deals with the matter solely from the point of view of the status of the defendant, ensuring that it is a 'commercial action' by requiring that the defendant be a business corporation, a partnership, or an individual 'engaged in a trade or business.' [¶] Neither section, however, expressly requires that there be a connection between the business in which the defendant is engaged and the transaction upon which the claim is based. The March 1973 *Tentative Recommendation relating to Prejudgment Attachment of the California Law Revision* Commission notes this omission as follows: 'Unfortunately, the 1972 act does not specifically tie the types of alleged debts which may form the basis for attachment to the business activities of the defendant. Hence, for example, the 1972 act would not permit the attachment of the property of an ordinary resident wage earner in an action based on the furnishing of medical services or the sale of consumer goods to such individual. The act would, however, permit the attachment of the property of an individual doing business as a grocer or self-employed plumber on the same type of debt. This inconsistency should be eliminated. *The Commission recommends that the policy implicit in the 1972 act be continued by authorizing nonjurisdic-*

*tional attachment only in those cases where the claim is based on an unsecured contract, whether express or implied, and arises out of the conduct by the defendant of a trade, business, or profession.'* (Italics added.) [¶] The constitutional question posed can and should be avoided by construing these sections as limiting the attachment to situations in which the claim arises out of defendant's conduct of his business." It further notes (at pp. 142-143) that " 'a partially effective, if indirect, way of preventing attachment of such consumer necessities is to deny the use of the remedy in actions based on obligations generally and to authorize attachment only in actions to recover debts *arising out of the conduct by the defendant of a trade, business, or profession.'* (Italics added.)"

It is concluded that the trial court correctly determined that respondent was not a defendant subject to attachment of property by virtue of Code of Civil Procedure section 537.2, subdivision (c). Appellant's claim against respondent arises not out of Haisman's conduct of a trade, business or profession. Rather the claim arises out of respondent's own account with appellant. In his declaration filed with the trial court, respondent stated, "The obligation which plaintiff alleges in his Complaint does not arise out of my being engaged in trade or business, individually, as a partnership, or as a corporation for the reason that I was an employee of the plaintiff and in addition had a securities trading account with plaintiff from which the alleged obligation of plaintiff is supposed to have arisen."

Although it is true that respondent admitted the allegations in the complaint that he "at all times herein mentioned was engaged in business as a securities salesman," it does not follow that he has admitted that he comes within the terms of Code of Civil Procedure section 537.2, subdivision (c). Appellant's claim does not arise from respondent's activities as a securities salesman but rather from respondent's own account with appellant. The position taken by appellant in its brief is that section 537.2, subdivision (c), requires only that an individual against whom an attachment is sought be an individual engaged in any business or trade. It entirely ignores *Advance Transformer Co. v. Superior Court, supra,* 44 Cal.App.3d 127.

Appellant also contends that the court was in error in finding that "the underlying debt was a margin account" and therefore presumably was not unsecured. Code of Civil Procedure section 537.1, subdivision (a)(4), permits attachment only if the underlying claim "is not secured by any mortgage, deed of trust or security interest on real or personal property

. . . ." Whether or not the underlying claim was secured need not be decided since it has been determined that respondent is not subject to attachment under section 537.2.

Judgment affirmed.

Molinari, P. J., concurred.

**SIMS, J.**—I respectfully dissent. In my opinion the revised attachment law was aimed at relieving individuals from attachment for debts incurred in connection with the purchase of consumer goods. (See memorandum in support of Sen. Bill No. 1048, as set forth in appendix to *Gill* v. *De Sanz* (1975) 52 Cal.App.3d 457, at pp. 469-472 [125 Cal.Rptr. 384], particularly comment to § 537.2; Cal. Law Revision Com., Recommendation Relating to Prejudgment Attachment (1973) pp. 722-723; and *id.,* Recommendation Relating to Revision of the Attachment Law (1975) pp. 808-809.) In *Advance Transformer Co.* v. *Superior Court* (1974) 44 Cal.App.3d 127 [118 Cal.Rptr. 350], upon which the majority opinion relies, the court refers to several precedents where trading in securities has been held to be engaging in business. (See 44 Cal.App.3d at pp. 136-139; *Commissioner of Internal Revenue* v. *Nubar* (4th Cir. 1950) 185 F.2d 584, 588-589 [cert. den. (1951) 341 U.S. 925 (95 L.Ed. 1357, 71 S.Ct. 796)]; *Washburn* v. *Commissioner of Internal Revenue* (8th Cir. 1931) 51 F.2d 949, 953-954; and *Clancy* v. *First National Bank of Colorado Springs* (10th Cir. 1969) 408 F.2d 899, 901-902 [cert.den. (1969) 396 U.S. 958 (24 L.Ed.2d 422, 90 S.Ct. 430)]. Cf. *Whipple* v. *Commissioner* (1963) 373 U.S. 193, 202 [10 L.Ed.2d 288, 294, 83 S.Ct. 1168]; and *Higgins* v. *Commissioner* (1941) 312 U.S. 212, 217-218 [85 L.Ed. 783, 787-788, 61 S.Ct. 475].)

Defendant Robert L. Haisman's admission that he was engaged in business as a securities salesman, in my opinion, does not render his property subject to attachment for the debt he allegedly incurred as a trader in securities. He further admits that during July 1974 he authorized and directed plaintiff to act as his agent to purchase and sell certain stocks and other securities. In defendant's second affirmative defense he alleged, "Plaintiff and each defendant, pursuant to their agreement and the representations of plaintiff, followed a course of selling call options and purchasing warrants until on or about October 24, 1974."

In my opinion the foregoing conduct demonstrates that defendant was engaged in the business of trading in securities, not as a consumer for investment, but for the realization of his individual profit.

Since the action is for the unsecured balance of the trading account the attachment was not barred by the provisions of section 537.1, subdivision (a)(4), of the Code of Civil Procedure.

I would reverse the order of the lower court.