**In re Jesse and Joan ROSE, Debtors.**

**No. 01–10225.**

United States Bankruptcy Court,
N.D. California.

July 3, 2001.

Edmund B. Dechant, Law Offices of Edmund B. Dechant, Santa Rosa, CA, for debtor.

Michael C. Fallon, Law Offices of Michael C. Fallon, Ray H. Olmstead, Law Offices of Ray H. Olmstead, Santa Rosa, CA, for trustee.

Timothy W. Hoffman, Abbey, Weitzenberg, Hoffman and Emery, Santa Rosa, CA, for creditor.

### *Memorandum on Objection to Claim*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Claimant Darwin Christ is a retired businessman who has, over the years, made loans as investments. In the past ten years, he has made about five loans to individuals. He has made three loans to debtor Jesse Rose: $70,000.00 on March 24, 2000; $50,000.00 on May 18, 2000; and $13,000.00 on August 7, 2000. The purpose of the loans was to finance Rose's operation of a portable sawmill. Christ has filed a claim in this Chapter 7 case for $133,000.00. Rose objects to the claim, on ground of usury. The loans were made at 24% interest.

Christ concedes that the loans are usurious, and consents to reduction of his claim by the $17,980.00 he received from Rose. However, Rose argues that pursuant to the California Finance Lenders Law, and

specifically § 22750(a) of the California Finance Code, makes the entire claim unenforceable. That section provides:

(a) If any amount other than, or in excess of, the charges permitted by this division is willfully charged, contracted for, or received, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction.

The parties have focused on the meaning of § 22009, which defines a "Finance lender" as including "any person who is engaged in the business of making consumer loans or making commercial loans." Christ argues that he is not a finance lender as defined in the statute, and therefore not subject to the Finance Lenders Law. The court does not find merit to this position, although it does not appear to the court to be the central issue of this dispute.

The term "engaged in the business" is not defined in the Finance Lenders Law. While the term implies some sort of regularity of activity (*UFITEC, S.A. v. Carter* (1977) 20 Cal.3d 238, 245, 142 Cal.Rptr. 279, 571 P.2d 990), it can have a wide variety of meanings depending on the circumstances and the particular statute in which it is used. *Shaw, Hooker & Co. v. Haisman* (1976) 59 Cal.App.3d 262, 266, 130 Cal.Rptr. 528. In the context of the Finance Lenders Law, an important consideration is the "safe harbor" of § 22050(e), which provides that the law does not apply to "any person who makes no more than one loan in a 12–month period as long as that loan is a commercial loan as defined in Section 22502." Also important is § 22001(a), which provides that the law is to be liberally construed to promote its underlying purposes, one of which is to protect borrowers against unfair practices.

■ Without defining the minimum activity which might fall within the purview of the Finance Lenders Law, the court finds that a person who has made five loans to individuals over a space of ten years and who made more than two commercial loans within a one-year period is engaged in the business of making commercial loans and is therefore subject to the law. Such activity is regular enough to constitute business, is outside the safe harbor created by the law, and is exactly the kind of activity the law was intended to regulate.

■ It is clear that the loans made by Christ were "commercial loans" as defined by § 22502, and Rose does not argue otherwise. However, this determination is fatal to Rose's main argument that Christ has no enforceable claim at all. Section 22750(a), upon which Rose relies in arguing for full disallowance, is contained in Chapter 4, Article 2 of the Finance Lenders Law, entitled "Consumer Loan Penalties." There is no similar provision in Article 3, "Commercial Loan Penalties." Rose can prevail only if § 22750(a) applies to commercial loans notwithstanding its placement in Article 2.

It is certainly true that the text of § 22750(a) is not limited to consumer loans and refers to "charges permitted by this division," thereby seemingly applying to all loans subject to the Finance Lenders Law and not just consumer loans. Support for this position comes from the law itself, which has no corresponding provision in Article 3, and from the general rule that a title or heading is unofficial and does not alter the explicit meaning of a statute. *Monarch Healthcare v. Superior Court* (2000) 78 Cal.App.4th 1282, 1288, 93 Cal. Rptr.2d 619. However, § 22001(c) specifically provides:

Commercial loans, as defined in Section 22502, are subject to this Chapter, Chapter 3 (commencing with Section 22500), Article 1 (commencing with section 22700) of Chapter 4, and Article 3

(commencing with Section 22780) of Chapter 4.

It is therefore clear and a matter of statute, not heading, that only Articles 1 and 3 of Chapter 4 apply to commercial loans. Section 22750(a), being in Article 2, does not apply to the loans made by Christ to Rose.

Moreover, the term "charges permitted by this division" contained in § 22750(a) has no relevance to commercial loan interest rates. "This division" is the Finance Lenders Law. Interest rate limitations on commercial loans are found in the California Constitution, not the Finance Lenders Law. Even if § 22750(a) were applicable to commercial loans, it would not provide Rose with a basis for objection to Christ's entire claim.

For the foregoing reasons, Rose's objection will be sustained only as to the amount of interest paid. The balance of the objection will be overruled, and the claim allowed in the sum of $115,020.00. Counsel for Christ shall submit an appropriate order.