CHARLES GELLER, Appellant, v. ALICE B. McCOWN, Respondent.

No. 3469

February 19, 1947.                    177 P. 2d 461.

*J. A. Langwith,* of Winnemucca, and *Geraldine McCown* and *Fred L. Berry,* both of San Francisco, Calif., for Appellant.

*Anthony Turano,* of Reno, and *George Olshausen* and *Philander Brooks Beadle,* both of San Francisco, Calif., for Respondent.

## OPINION

By the Court, EATHER, C. J.:

This is an appeal from a judgment and from an order of the trial court overruling appellant's demurrer to an amended complaint.

The action was commenced by Alice B. McCown, the divorced wife of deceased, Malcolm S. McCown, against Charles Geller, as administrator with the will annexed of the estate of said deceased, Malcolm S. McCown, on her rejected claim for $15,143.75, arising out of her claim to alleged dower and community property now claimed as a portion of the property of the said deceased's estate.

Defendant-appellant demurred to respondent's amended complaint, and did not answer when the demurrer was overruled. Upon appellant's failure to so answer respondent caused appellant's default to be entered. Whereupon, the clerk of the trial court, upon application of respondent's attorneys, caused judgment to be entered in favor of plaintiff and respondent and against defendant and appellant, and to be duly recorded, for the total sum of $15,143.75, together with costs of suit as prayed for in said amended complaint.

This appeal is by the appellant from the order disallowing appellant's demurrer to the said amended complaint and from the judgment entered therein. The appeal is upon the judgment roll alone.

The alternative claim for a share of the community property is not made in the amended complaint and is not involved on this appeal.

Respondent alleges that decedent, Malcolm S. McCown, in addition to items set out in paragraph V of the amended complaint, owned undescribed realty in Yukon Territory, Canada, at the time of the marriage of the decedent and respondent, and that at the time of said marriage decedent, Malcolm S. McCown, also

owned "other property" undescribed in said Yukon Territory, in which respondent alleges in the amended complaint, "that plaintiff is entitled to a one-third share by virtue of dower under the laws of said Yukon Territory." While several points are advanced by appellant against the sufficiency of the amended complaint, we think that one is decisive thereof, and we will therefore not discuss the others.

There is no law governing the allotment of dower rights in Yukon Territory pleaded in said amended complaint so that the trial court might know what laws existed in Yukon Territory governing such matters. The law of Yukon Territory or of the Dominion of Canada was nowhere pleaded in said amended complaint.

In Wickersham v. Johnson, 104 Cal. 407, 38 P. 89, 43 Am.St.Rep. 118, the court said:

"There was no evidence at all tending to show what the law was in the foreign country touching any of the questions which are raised here, and it must therefore be assumed that the law with respect to those matters was the same there as in California," citing Norris v. Harris, 15 Cal. 226, 254, in which it was stated: "It is a well settled rule, founded on reason and authority, that the lex fori, or, in other words, the laws of the country to whose courts a party appeals for redress, furnish in all cases, prima facie, the rule of decision; and if either party wishes the benefit of a different rule or law, as for instance, the lex domicilii, lex loci contractus, or lex loci rei sitae, he must aver and prove it. The courts of a country are presumed to be acquainted only with their own laws; those of other countries are to be averred and proved, like other facts of which courts do not take judicial notice, and the mode of proving them, whether they be written or unwritten, has been long established."

See also cases cited therein.

■ The courts do not take judicial notice of either the written or unwritten laws of a foreign country.

In view of the rule that courts will not take judicial

notice of the laws of a foreign country, such laws must be pleaded and proved the same as any other question of fact. 31 C.J.S., Evidence, sec. 21, page 537; Banque de France v. Chase Nat. Bank of City of New York, 2 Cir., 60 F. 2d 703, and cases therein cited.

Section 3361, N.C.L.1929, provides as follows:

"No estate is allowed the husband as tenant by courtesy, upon the death of his wife, nor is any estate in dower allotted to the wife upon the death of her husband."

In Buhler v. Maddison, 105 Utah 39, 140 P.2d 933, 938, the court said:

"Owing to the fact that the judgment must be reversed and a new trial must be granted, in order to properly maintain any action plaintiff will have to amend his pleadings to show whether he seeks recovery under the Utah statutes or under the Nevada statutes. If under the latter, he must plead the statutes on which he will rely. We do not wish to be understood as holding that plaintiff would be entitled to recover if he were to plead the Nevada statutes, but if such is his theory of recovery it should be shown in the pleadings."

■ Where the existence of a foreign law is ingredient of cause of action, formal allegation and proof of it is necessary. Platner v. Vincent, 194 Cal. 436, 229 P. 24.

■ It is elementary that a statute of another state, if essential to the action or defense, must be pleaded. It is regarded as fact, not law. Fern v. Crandell, 79 Colo. 403, 246 P. 270, and cases cited therein.

■ The law of Yukon Territory not being adequately pleaded it would be assumed that the law applicable to respondent's claim would be the Nevada rule of law which is provided by the statute, section 3361, N.C.L. 1929, supra, that there is no dower law in Nevada. This rule is sustained also in Wickersham v. Johnson, supra, and cases therein cited.

The judgment is therefore reversed and the cause remanded to the district court with directions to set

aside the judgment; respondent to be allowed to amend her pleadings. Costs to appellant.

HORSEY, J., concurs.

Mr. Justice E. J. L. TABER participated in the hearing of this matter but passed away before this opinion was written.

## ON PETITION FOR REHEARING

March 14, 1947.                                        178 P. 2d 380.

*J. A. Langwith,* of Winnemucca, and *Geraldine McCown* and *Fred L. Berry,* both of San Francisco, Calif., for Appellant.

*Anthony M. Turano,* of Reno, and *George Olshausen* and *Philander Brooks Beadle,* both of San Francisco, Calif., for Respondent.

## OPINION

By the Court, EATHER, C. J.:

We see no merit in the petition for rehearing filed in this case. It does not, in fact, call for serious consideration. The contention made is that "a rehearing is necessary because the opinion had completely misconceived the issue. It purports to decide a matter which was never disputed and assumes as a premise the very point on which the appeal turns." We are amazed at this contention of counsel. We should deny the petition without comment but for the fact that the court is charged with having misconceived the issue. Counsel for respondent states that "all that the opinion does is to quote the language of the amended complaint, 'that plaintiff is entitled to a one-third share by virtue of dower under the laws of said Yukon Territory,' and then to say 'The law of Yukon Territory or the Dominion of Canada was nowhere pleaded in said complaint.'"

Counsel is correct in the above quotation from our opinion. However, we further state in our opinion, "there is no law governing the allotment of dower rights in Yukon Territory pleaded in said amended complaint so that the trial court might know what laws existed in Yukon Territory governing such matters. The law of Yukon territory or of the Dominion of Canada was nowhere pleaded in said amended complaint."

■ The rule requiring foreign statutes to be pleaded is not complied with by a statement of the supposed effect of the statute, the view being taken that such a statement is no more than a conclusion or an interpretation of the law by the party pleading, the correctness of which the court has no means of determining in the absence of the statute; and as it involves no issues of fact, it is not even necessary to deny it. 59 C.J. 1206, sec. 748 and cases therein cited.

■ When one relies on a foreign statute as the foundation of a cause of action or defense, he must in the

absence of statutory provisions to the contrary, not only plead and prove the statute, but by the weight of authority he also must plead the construction of the statute as interpreted by the courts of the state in which it was enacted, except where it is otherwise proved by statute. 59 C.J. 1207, sec. 752, and cases therein cited.

■ The portion of the amended complaint which states: "That plaintiff is entitled to a one-third share by virtue of dower under the laws of Yukon Territory," is no more than a conclusion or an interpretation of the party pleading, therefore the foreign statute not being pleaded in the amended complaint, the trial court would not know what laws existed in Yukon Territory governing such matters. We do not agree with the New York case of Berney v. Drexel, 33 Hun, N.Y., 34, which respondent so earnestly relies upon. Same is exceptional and is not supported by weight of authority.

■ Rehearings are not granted as a matter of right (Twaddle v. Winters, 29 Nev. 88, 85 P. 280, 89 P. 289), and are not allowed for the purpose of reargument, unless there is reasonable probability that the court may have arrived at an erroneous conclusion. State v. Woodbury, 17 Nev. 337, 30 P. 1006.

We have given the petition for rehearing due consideration but are not persuaded that our decision is wrong.

The petition for rehearing is hereby denied.

HORSEY, J., concurs.

TABER, J., participated in the original hearing of this matter, but at the time of consideration of this petition for rehearing his successor has not qualified.