## THE STATE OF NEVADA, Respondent *v.*
## RICHARD COOPER FITCH, Appellant

No. 3504

August 3, 1951.                    233 P.2d 1070.

For former opinion, see 65 Nev. 668, 200 P.2d 991.

Appellant in pro per.

*W. T. Mathews,* Attorney General, *George P. Annand, Robert L. McDonald,* and *Thomas A. Foley,* Deputy Attorneys General, of Carson City, and *Roger Foley,* District Attorney, Clark County, for Respondent.

## ON PETITION FOR REHEARING

*Per Curiam:*

Appellant was found by the jury's verdict to be guilty of murder in the first degree and the penalty was fixed at life imprisonment. On December 20, 1948 this court affirmed the judgment. 65 Nev. 668, 200 P.2d 991. Commencing January 6, 1949 this court at regular periods, on application of appellant, entered orders extending time for serving and filing petition for rehearing. In the order extending his time to November 7, 1949, we noted:

"Appellant has applied for a seventh order extending his time for an additional 60 days for serving and filing his petition for rehearing. The petition under provisions of law was originally due January 5, 1949, and has heretofore been extended to September 6, 1949. These extensions have all been granted upon the personal application of plaintiff for the reason that he had discharged his former attorneys and was trying to employ other counsel; he says that he has now arranged for such employment; * * *."

This was referred to in our order of February 8, 1951 in which we noted that several additional extensions had thereafter been granted, all being upon the ground that appellant's efforts to obtain new counsel had been without success. In granting such further extension we also said:

"Appellant's present application for further time, comprising some 600 words and containing in the main an attack upon the officials of Clark County, Nevada, and one of the newspapers published in said county, contains not the slightest suggestion of further attempts to obtain counsel.

"So far as known to any of the present members of the Court the extensions given in this case, of time

within which to petition for a rehearing in this Court are without parallel in the history of the Court. The period of two years and one month heretofore granted in addition to the time provided by law, within which a petition for rehearing may be filed, would seem to have provided far more time than could reasonably be thought necessary for the purpose. After conference with the members of the Court it has been concluded that one more extension of time be granted. The matter has been thus reviewed in order that appellant may not be taken by surprise."

We thereupon extended petitioner's time for filing his petition for rehearing to April 16, 1951, on or about which date the petition was filed. On May 31, 1951 he filed a corrected petition, and respondent filed its reply June 19, 1951.

1. Counsel representing appellant on the appeal were not the same attorneys representing him at the trial, and it is appellant's first contention in his petition for rehearing that he was not represented properly or at all by his appeal attorneys because he had discharged them as such, and refers to Morse et al. v. District Court, 65 Nev. 275, 195 P.2d 199, 204, in which we said:

"So delicate is the relationship between attorney and client, so necessary is it that absolute trust and confidence be unimpaired between them that the client has the power (as distinguished from the right) to discharge his attorney at any time. 5 Am. Jur. 281, Attorneys at Law, § 34, and cases cited."

This contention is without merit. While he claims to have discharged his appeal attorneys on October 25, 1948, such attorneys had prepared, served and filed the entire record on appeal and bill of exceptions, and opening and reply briefs, and had argued and submitted the matter to this court on September 22, 1948.

2. Appellant's next contention comprises a series of accusations against the officials of Clark County, one of

the newspapers there, and several attorneys with whom he had conferred in connection with his proposed petition for rehearing. These matters do not fall within any of the recognized grounds for granting a rehearing.

3. Petitioner next attacks the district attorney's oral argument to the jury as improper and highly prejudicial. Such contention was, however, urged upon the appeal and expressly ruled upon by this court. State v. Fitch, 65 Nev. 668, 200 P.2d 991, 1000. Petitioner urges, however, that in addition to the particular remarks of the district attorney urged as error on the appeal, additional remarks of the district attorney should likewise have been urged as improper. This court has often held, however, that questions raised for the first time on petition for rehearing will not be considered. State v. Ceja, 53 Nev. 272, 281, 298 P. 658, 2 P.2d 124. We may note, however, that the case was carefully briefed and argued on appeal, and counsel would undoubtedly have assigned such additional remarks as error if they had considered the point of sufficient importance.

4. It is next contended that petitioner should be granted a rehearing because articles printed in the newspapers prior to and during his trial were highly prejudicial and prevented his having a fair trial. It does not appear that his trial attorneys sought a change of venue or that his appeal attorneys raised the point in any of their numerous assignments of error. Raised now for the first time, the assignment cannot be considered. Nor are the publications referred to a part of the record in this case. Petitioner's trial attorneys, as well as his appeal attorneys, were all lawyers of ability and experience, and petitioner's contentions may be generally classified as a complaint that these attorneys conducted the trial and the appeal in accordance with their own judgment rather than in accordance with petitioner's judgment as to what things should or should not have been done and how they should or should not have been done.

5. The same situation applies to petitioner's attack upon his trial attorneys for failure to present certain matters in support of his motion to the district judge for a new trial. First, the matters of which he complains do not appear in the record. Secondly, the claim that he was not properly represented by trial counsel was not raised on the appeal from the judgment.

6. In his petition for rehearing petitioner again reviews the facts and asserts, in effect, that the jury should have accepted his view of the evidence rather than the evidence as presented by the State. This situation was considered at length in this court's opinion affirming the judgment. Rehearings are not granted as a matter of right or simply for the purpose of having a reargument of the appeal, unless there is a reasonable probability that the court may have arrived at an erroneous conclusion or overlooked some important question necessary to a full and proper understanding of the case. Geller v. McCown, 64 Nev. 102, 106, 177 P.2d 461, 178 P.2d 380.

7. Petitioner introduces his petition for rehearing with the request that we receive the same as a layman's presentation. It is largely because we have considered it as such that we have accorded it the foregoing careful consideration. It is so patent that the points raised in the petition are either matters entirely outside the record or matters that had received due consideration in the opinion on the appeal, or matters that were raised for the first time in the petition for rehearing, that we would have been justified in denying the petition without opinion. It should be noted too that although the petition for rehearing indicates the petitioner's familiarity with his proceedings on his motion for a new trial addressed to the trial court, his impression seems to be that his present petition is a petition for an order granting a new trial. A layman's natural lack of knowledge of appellate practice cannot of itself change the constitutional and statutory functions of this court. Petitioner

has filed with this court his correspondence with several attorneys with whom he has been negotiating during the past two and a half years or more for presentation of his petition for rehearing. Like his trial attorneys and his appeal attorneys, these lawyers too come under his scathing denunciations, which weaken rather than strengthen his contentions that he was deprived of a fair trial and a fair presentation of his appeal by the incompetency and neglect of his attorneys of record.

The petition for rehearing is denied.